Paul Anthony FANT–CAUGHMAN,
aka Paul Fant, Appellant,

v.

The State of Texas, Appellee.

No. 07–00–0220–CR.

Court of Appeals of Texas,
Amarillo.

Feb. 22, 2001.

Rehearing Overruled June 15, 2001.

C.R. Daffern, Amarillo, for appellant.

James Farren Criminal District Attorney (Kristy Wright and Wesley G. Clay-

ton, Assistant Criminal District Attorneys), Canyon, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

REAVIS, Justice.

Upon a plea of not guilty, a jury convicted appellant Paul Anthony Fant–Caughman, aka Paul Fant, for aggravated sexual assault and indecency with a child. Punishment was assessed at life imprisonment for the aggravated sexual assault conviction and at twenty years confinement and a $10,000 fine for the indecency with a child conviction with the sentences to run consecutively pursuant to Texas Penal Code section 3.03. Presenting six points of error, appellant contends the trial court erred in admitting evidence of extraneous acts of misconduct, in allowing improper jury argument, and in failing to require the State to make an election. Based upon the rationale expressed herein, we reverse and remand the case for a new trial.

The facts of appellant's case are not in dispute and need only be briefly mentioned. Appellant was charged with one count of aggravated sexual assault and one count of indecency with a child in a two-count indictment. Included in the indictment was an enhancement paragraph based upon a prior felony conviction for lewd/lascivious acts with a child under 14 years of age in the Superior Court of Orange County, California.

The victim in this case was appellant's step-daughter. Although appellant and the victim's mother were no longer married, the victim would often visit her half-sister (appellant's biological daughter) at appellant's apartment on the weekends. It was during these visits when the alleged sexual molestation would occur. The evidence adduced at trial showed that appellant had been molesting the victim, who was age 13 at the time of trial, for approximately two years. The victim made an outcry statement concerning appellant's behavior to her mother and appellant was subsequently charged with aggravated sexual assault and indecency with a child.

Because we find reversible error, we will only address appellant's second point of error wherein he contends that the trial court erred in allowing the prosecutor's jury argument that was outside the record. In order to avoid consideration of arguments which may be taken out of context, we first determine whether:

(1) the State's argument went outside the record;

(2) the invited argument rule is implicated; and

(3) the State's remarks were an answer to the arguments of opposing counsel.

We also note here that although the State named more than 12 possible witnesses during the guilt/innocence phase of trial, only four of those witnesses were called upon to testify—the victim, her half-sister, her current step-father, and one expert. And even though the victim's initial outcry was made to her mother, the State failed to call her as a witness. Additionally, we note that during appellant's closing argument, the State objected four times and that none of these objections were directed to remarks outside the record as would be relevant to the State's "invited argument" contention. The argument complained of is as follows:

PROSECUTOR: ... That's just not what 11 and 12–year–old girls do. It's not what the daughter of the Defendant does.

DEFENSE COUNSEL: I'm going to object. I don't know what 11 and 12–year–old girls do. There was no evidence from any expert what 11 and 12–year–old girls do.

THE COURT: Sustained.

\* \* \*

PROSECUTOR: ... If she's lying to you, then they gave the Oscar to—Best Actress Oscar two weeks ago to the wrong person. They should have given it to the [sic] (victim) if she's lying.

DEFENSE COUNSEL: That's outside the record. She didn't appear, she wasn't nominated.

THE COURT: I'll sustain the objection.

\* \* \*

PROSECUTOR: Mr. Durham (Defense counsel) talked to you about, well, we didn't call certain witnesses. We could have called Heather, we could have call (sic) the mother, we could have called the police, we could have called CPS. Yeah, we could have. And while he has no obligation to do so, so could he.

He has no burden to do it, but he has the right to subpoena witnesses, he has the right to bring people in.

I could have been here with witnesses for several more days, *because there are a lot of people who know about these allegations.*

DEFENSE COUNSEL: That's outside the record, Your Honor. That's improper. I move for a mistrial.

PROSECUTOR: He mentioned—

THE COURT: I'll overrule the objection and deny your motion. You may be seated.

DEFENSE COUNSEL: Your Honor, there's no evidence there's several people—

THE COURT: I said you may be seated, Mr. Durham.

PROSECUTOR: Mr. Durham, in his argument, suggested there are several people that could have testified here because they—it was—they were mentioned that they could have known some-thing about this case, he mentioned the names to you that I just told you about. *We could have been here longer than that.*

▪ The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the admitted evidence alone. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Cr.App. [Panel Op.] 1980); *Taylor v. State,* 911 S.W.2d 906, 911 (Tex.App.—Fort Worth 1995, pet. ref'd). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *Cantu v. State,* 939 S.W.2d 627, 633 (Tex.Cr.App.1997).

▪ Improper jury argument constitutes reversible error only if, in the light of the entire record, the argument is extreme or manifestly improper, violates a mandatory statute, or injects into the trial new facts which are harmful to the accused. *Wilson v. State,* 938 S.W.2d 57, 59 (Tex.Cr.App.1996). For many years, the Texas Court of Criminal Appeals has recognized that during jury arguments, prosecutors should refrain from making arguments based upon matters outside the record. Indeed, arguments alluding to information not introduced into evidence are improper and are reversible if they inject or emphasize harmful facts outside the record. *See Borjan v. State,* 787 S.W.2d 53, 57 (Tex.Cr.App.1990) (argument asked jury to speculate about other crimes defendant may have committed); *Everett v. State,* 707 S.W.2d 638, 641 (Tex.Cr.App.1986) (argument implied the existence of other damaging evidence not in the record); *Fuentes v. State,* 664 S.W.2d 333, 337–38 (Tex.Cr.App.1984) (prosecutor's argument implied defense counsel was unethical); *Daniel v.*

*State,* 550 S.W.2d 72, 73 (Tex.Cr.App.1977) (argument that witness was unable to appear because he had been shot); *Whaley v. State,* 367 S.W.2d 703, 704 (Tex.Cr.App. 1963) (comment on an inadmissible confession).

In discussing what constitutes proper jury argument in *Jordan v. State,* 646 S.W.2d 946, 948 (Tex.Cr.App.1983), the court stated:

> A prosecuting attorney is permitted in his argument to draw from the facts in evidence all inferences which are reasonable, fair, and legitimate, *but he may not use jury argument to get before the jury, either directly or indirectly, evidence which is outside the record.* A prosecuting attorney, though free to strike hard blows, is not at liberty to strike foul ones, either directly or indirectly.

(Citation omitted) (emphasis added).

■ We first determine whether the State's argument was improper. The State's closing argument here went outside the record on at least four occasions. Appellant's objections were sustained as to the first two, overruled on one, and, having sufficiently preserved error, unobjected to on the other improper argument. The argument which was overruled is of particular significance to us. The statement by the prosecutor that

> I could have been here with witnesses for several more days, *because there are a lot of people who know about these allegations,*

in effect constitutes a statement that is not supported by the evidence.[1] From the jury's perspective, this statement suggests that the evidence of appellant's guilt is overwhelming by the mere fact that many more people had knowledge of appellant's actions when in fact there was no such evidence presented. Therefore, the State's argument was clearly outside the record.

■ In its response to appellant's point of error, the State's only contention is that the prosecutor's arguments were not improper because it was invited and in response to argument of appellant's counsel. The remarks cited by the State as being in response to appellant's argument are as follows:

> I want to talk to you about the evidence and what was not presented. It's their burden, the Court tells you. What was told Kim Chavez? What was told Officer Taff? What was told Officer Tupin? What was told Heather Clark? We don't know. They chose not to share that with us.
>
> &ast; &ast; &ast;
>
> Could Kathy (the victim's mother) have told us? I don't know. I'm not sure. But the State didn't choose to call her.

■ The State contends its argument was proper because it was in response to this argument made by defense counsel and that the prosecutor "was simply stating that he did not need to call any other witnesses because the State had already proven" the offenses. However, the "invited argument" rule only applies when the prompting argument of the defense counsel goes outside the record. *See Wilson v. State,* 938 S.W.2d 57, 60 (Tex.Cr. App.1996). And even though "the door may have been opened," the prosecutor "may not stray beyond the scope of the invitation." *Johnson v. State,* 611 S.W.2d 649, 650 (Tex.Cr.App.1981). Furthermore, the rule permitting logical deductions from

---

1. We note here, without deciding, that the right to confront accusing witnesses could have been implicated.

evidence does not permit logical deductions from non-evidence. *Berryhill v. State*, 501 S.W.2d 86, 87 (Tex.Cr.App. 1973). Argument inviting speculation about evidence from witnesses who did not testify is improper. *Johnson v. State*, 649 S.W.2d 111, 116 (Tex.App.—San Antonio 1983), *aff'd*, 662 S.W.2d 368 (Tex.Cr.App. 1984).

 Here, appellant's counsel asked five questions and made no assertions of fact contrary to the record.[2] By these statements, defense counsel was merely commenting on the failure of the State to call witnesses which is permissible under *Patterson v. State*, 387 S.W.2d 390, 391 (Tex.Cr.App.1965). Indeed, the prosecutor *may even* comment on the defendant's failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify. *Jackson v. State*, 17 S.W.3d 664, 674 (Tex.Cr.App.2000) *citing Patrick v. State*, 906 S.W.2d 481, 491 (Tex.Cr.App. 1995), *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). The statements by defense counsel did not attempt to get evidence, which was outside the record, before the jury and only required the State to meet its burden of proof. Therefore, the remarks by the prosecutor were not "invited." Nor were they in response to appellant's argument. The statement that "there are a lot of people who know about these allegations" was clearly outside the record and improper and the trial court erred in overruling appellant's objection.

 We next determine whether this error was harmful. Rule 44.2(a) of the Rules of Appellate Procedure provides constitutional error that is subject to a

harmless error review requires reversal unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. Tex.R.App. P. 44.2(b). Remarks that fall outside the permissible bounds of jury argument are not constitutional errors. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Cr.App.1998); *see also Martinez v. State*, 17 S.W.3d 677, 692 (Tex.Cr.App.2000). Such remarks constitute "other errors" that fall within Texas Rule of Appellate Procedure 44.2(b). *Mosley*, 983 S.W.2d at 259. Therefore, we must disregard error that does not affect the accused's substantial rights. Tex. R.App. P. 44.2(b).

 A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Cr.App.1997). A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Cr.App.1998). To determine if the State's improper argument affected appellant's substantial rights, we look to three factors: (1) the severity of the misconduct, (2) measures adopted to cure the misconduct, and (3) the certainty of conviction and punishment assessed absent the misconduct. *Mosley*, 983 S.W.2d at 259; *see also Garrett v. State*, 632 S.W.2d 350, 353–54 (Tex.Cr.App. [Panel Op.] 1982).

### Severity of the Misconduct

 The purpose of a closing argument is to facilitate the jury in properly

---

**2.** Noticeably absent from the record is any objection by the State that the remarks were improper argument or outside the record.

analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Cr.App. [Panel Op.] 1980). One of the main reasons for restraining the prosecutor and demanding a high standard of care in closing argument is that, due to the position of a prosecutor as a public official, an allusion to extrinsic evidence and interjection of his own views may be given undue weight by the jurors. *See Monkhouse v. State,* 861 S.W.2d 473, 478 (Tex.App.—Texarkana 1993, no pet.); *United States v. Herberman,* 583 F.2d 222, 230 (5th Cir.1978). Here, the unsworn statement by the prosecutor was calculated to tell the jury that he had "a lot" of witnesses in addition to the four which had been called to testify about the allegations and that their testimony would have required "several more days" of trial.

## Measures Adopted to Cure Misconduct

The State's improper argument outside the record immediately prompted an objection and motion for mistrial by counsel, but both the objection and motion for mistrial were denied. Therefore, the trial court did not attempt to cure the improper jury argument.

## Certainty of Conviction Absent Misconduct

Although the victim made an outcry statement to her mother and current stepfather, the State did not call the mother as a witness. Further, during his testimony, the current step-father, confirmed that the victim related some fondling to him, but he did not testify as to any type of penetration of her sexual organ. By the first paragraph of the charge of the court, the jury was instructed that:

A person commits the offense of Aggravated Sexual Assault of a Child if the person intentionally or knowingly causes the penetration of the female sexual organ of a child by any means and the victim is younger than 14 years of age.

Also, the charge instructed the jury that its decision must be based "... from the evidence beyond a reasonable doubt...." The statement by the prosecutor that "there are a lot of people who know about these allegations" was not evidence for this purpose and does not even rise to the level of unsworn hearsay evidence. Concerning the element of penetration, although the victim testified that appellant used his finger, she also testified that he did not make any penetration with his penis. Perhaps more significant, however, on direct examination by the State, the Sexual Assault Nurse, a disinterested witnesses who performed the sexual assault examination, testified that her examination of the victim showed a septal detachment of the hymen and that this condition could have been caused by penetration or simply by the normal development of the victim's body.

On cross-examination, the nurse confirmed that (1) she found no trauma to the vulva labia minora, (2) that the condition that she did observe could have been caused (a) at any time (b) by a number of things and that (3) she did not visualize the victim's vagina. In summary, the testimony of the nurse on penetration was equivocal and capable of more than one interpretation on the subject of penetration, which is an essential element of the charge of aggravated sexual assault of a child.

We realize that question of penetration is essentially a fact question for the jury. However, viewing the evidence against appellant in the light of the certainty of his conviction absent the prosecutor's misconduct, we are not persuaded that the prosecutor's remarks did not in some

manner contribute to appellant's conviction or his sentence. The improper jury argument and the trial court order overruling the objection were some of the very last comments heard by the jury before they retired. When the trial court overruled appellant's objection to the argument, its action amounted to putting "the stamp of judicial approval" on the improper argument, thus magnifying the possibility for harm. *Good v. State*, 723 S.W.2d 734, 738 (Tex.Cr.App.1986). Moreover, in *Wilson*, 938 S.W.2d at 59, the Court of Criminal Appeals held that as an appellate court, we "should not hesitate to reverse when it appears the State has departed from one of" the permissive areas of argument and "has engaged in conduct calculated to deny the accused a fair and impartial trial." Although we are aware that cases such as this are often difficult and distasteful for counsel and the trial judge, we are unable to hold with fair assurance that the erroneous admission of the improper jury argument did not influence the jury or that its admission did not affect appellant's substantial rights. Therefore, we find that the prosecutor's argument placed before the jury new and harmful facts that were not supported by evidence. Appellant's second point of error is sustained which pretermits our consideration of his remaining points.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.