NO. 07-02-0041-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 21, 2003



______________________________




RANDY RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-435,018; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION (2)

 Upon a plea of not guilty, appellant Randy Rodriguez was convicted by a jury of
aggravated sexual assault and punishment was assessed at 99 years confinement and a
$10,000 fine. By one point of error, appellant contends the trial court erred in overruling
his objection to allegedly improper jury arguments during closing arguments of the
guilt/innocence phase of trial. Based upon the rational expressed herein, we affirm. 

 Because appellant does not challenge the sufficiency of the evidence, only a brief
recitation of the facts is necessary. On the morning of October 19, 2000, appellant
abducted the victim and her three year old daughter from the parking garage of Covenant
Hospital in Lubbock. Appellant physically assaulted the victim by choking her and ordered
her to drive to her home. In fear for her safety, she complied. Upon arrival at the victim's
home, appellant attempted sexual intercourse but was unable to sustain an erection, and
therefore ordered the victim to perform oral sex. After another failed attempt at
intercourse, appellant struck the victim's face. He then forced her to load valuables from
the home into her vehicle, and ordered her to drive him, again with her daughter in the
vehicle, to her bank, where she was forced under threat of death to withdraw all the money
from her account. Appellant then forced the victim to drive them back to the hospital,
where he transferred the valuables from her vehicle to his, and threatened her and her
family if she reported the incident. However, the attack was reported and the police
apprehended appellant on the same day. Appellant gave a written statement confessing
the crime and the victim identified him at trial.

 By his only point of error, appellant contends the trial court erred in failing to sustain
his objection to alleged improper jury argument by the State during the guilt innocence
phase of the trial. In response, the State contends (1) the alleged error was not preserved;
(2) the argument which prompted the objection was not improper; and (3) error, if any, was
harmless.

 Because we agree with the State that appellant's sole issue presents nothing for
review. Texas Rule of Appellate Procedure 33.1 entitled "Preservation of Appellate
Complaints," provides in part that a timely request, objection, or motion must be made and
ruled upon in the trial court in order to preserve a complaint for review on appeal. In Hull
v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002) the Court held: 

 [t]his rule ensures that trial courts are provided an opportunity to correct their
own mistakes at the most convenient and appropriate time-when the
mistakes are alleged to have been made.


In addition, Texas Rule of Appellate Procedure 38.1(h) requires that an appellant's brief
contain a clear and concise argument for the contentions "with appropriate citations to
authorities and to the record." In Harris v. State, 827 S.W.2d 949, 958 (Tex.Cr.App. 1992),
cert. denied, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992), because appellant did
not cite any place in the record where the arguments were made in the trial court, the Court
held that the complaint was not preserved for review. Here also, appellant's brief does not
make any reference or citation to the record where any objections were presented to the
trial court as required by Hull and Harris.

 We have not overlooked appellant's argument that the State's comments during
closing argument were so fundamentally improper that his conviction must be reversed
even though the error was not preserved by objection in the trial court. However, because
remarks that fall outside the permissible bounds of jury argument do not constitute
constitutional errors, the above rules regarding preservation of error are applicable. See
Martinez v. State, 17 S.W.3d 677, 692 (Tex.Cr.App. 2000) (en banc); see also Fant-Caughman v. State, 61 S.W.3d 25, 30 (Tex.App.-Amarillo 2001, pet. ref'd). Therefore,
appellant's sole point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed. 



 Don H. Reavis

 Justice


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.1.