NO. 07-02-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 21, 2003

_____

RANDY RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-435,018; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**[2]

Upon a plea of not guilty, appellant Randy Rodriguez was convicted by a jury of aggravated sexual assault and punishment was assessed at 99 years confinement and a

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]TEX. R. APP. P. 47.1.

$10,000 fine. By one point of error, appellant contends the trial court erred in overruling his objection to allegedly improper jury arguments during closing arguments of the guilt/innocence phase of trial. Based upon the rational expressed herein, we affirm.

Because appellant does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. On the morning of October 19, 2000, appellant abducted the victim and her three year old daughter from the parking garage of Covenant Hospital in Lubbock. Appellant physically assaulted the victim by choking her and ordered her to drive to her home. In fear for her safety, she complied. Upon arrival at the victim's home, appellant attempted sexual intercourse but was unable to sustain an erection, and therefore ordered the victim to perform oral sex. After another failed attempt at intercourse, appellant struck the victim's face. He then forced her to load valuables from the home into her vehicle, and ordered her to drive him, again with her daughter in the vehicle, to her bank, where she was forced under threat of death to withdraw all the money from her account. Appellant then forced the victim to drive them back to the hospital, where he transferred the valuables from her vehicle to his, and threatened her and her family if she reported the incident. However, the attack was reported and the police apprehended appellant on the same day. Appellant gave a written statement confessing the crime and the victim identified him at trial.

By his only point of error, appellant contends the trial court erred in failing to sustain his objection to alleged improper jury argument by the State during the guilt innocence

phase of the trial. In response, the State contends (1) the alleged error was not preserved; (2) the argument which prompted the objection was not improper; and (3) error, if any, was harmless.

Because we agree with the State that appellant's sole issue presents nothing for review. Texas Rule of Appellate Procedure 33.1 entitled "Preservation of Appellate Complaints," provides in part that a timely request, objection, or motion must be made and ruled upon in the trial court in order to preserve a complaint for review on appeal. In Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002) the Court held:

> [t]his rule ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time–when the mistakes are alleged to have been made.

In addition, Texas Rule of Appellate Procedure 38.1(h) requires that an appellant's brief contain a clear and concise argument for the contentions "with appropriate citations to authorities and to the record." In Harris v. State, 827 S.W.2d 949, 958 (Tex.Cr.App. 1992), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992), because appellant did not cite any place in the record where the arguments were made in the trial court, the Court held that the complaint was not preserved for review. Here also, appellant's brief does not make any reference or citation to the record where any objections were presented to the trial court as required by *Hull* and *Harris*.

We have not overlooked appellant's argument that the State's comments during closing argument were so fundamentally improper that his conviction must be reversed even though the error was not preserved by objection in the trial court. However, because remarks that fall outside the permissible bounds of jury argument do not constitute constitutional errors, the above rules regarding preservation of error are applicable. *See* Martinez v. State, 17 S.W.3d 677, 692 (Tex.Cr.App. 2000) (en banc); *see also* Fant-Caughman v. State, 61 S.W.3d 25, 30 (Tex.App.–Amarillo 2001, pet. ref'd). Therefore, appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.

4