NO. 07-04-0406-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 31, 2006



______________________________


 

RICARDO SERBANTEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 5065; HONORABLE KELLY G. MOORE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Ricardo Serbantez appeals the trial court's denial of his motion to
suppress evidence of the cocaine found in his vehicle. We will affirm the decision of the
trial court.

 Appellant was stopped by Officer Torres of the Brownfield Police Department for
speeding. Officer Torres asked appellant for his driver's license and proof of insurance. 
While appellant searched for the documents, Torres noted appellant looked nervous and
appellant was shaking when he handed the officer his license. Torres further noted the two
passengers in appellant's vehicle would not look at him. He recognized one of the
passengers, Debbie DeLeon, from a previous arrest for drug-related charges. Torres
asked appellant to exit the vehicle because he was acting nervous and noted appellant
paced nervously as they spoke.

 Officer Torres then questioned Ms. DeLeon about the purpose of their trip and
asked her if there was any illegal contraband. DeLeon hesitated, then responded, "Not on
me." The officer returned to appellant and requested permission to search the vehicle. 
Appellant refused. Torres then detained appellant and his passengers for approximately
ten to fifteen minutes until Corporal Cavat arrived with a canine trained to detect drugs by
scent. During the open air sniff around appellant's vehicle, the dog alerted to the vehicle. 
Officer Torres and Corporal Cavat then searched the vehicle and found two baggies
containing a white powdery substance later confirmed to be cocaine. Torres placed
appellant under arrest for possession of a controlled substance.

 The trial court held a hearing on appellant's motion to suppress evidence obtained
as a result of the detention and search of the vehicle. After hearing testimony of witnesses
and argument, the court denied appellant's motion. In so doing, the trial court entered a
finding on the record that "the inflection in the officer's voice when he testified the words,
'Not on me' that [Ms. DeLeon] related to him led me to believe that he believed and it was
reasonable for him to believe that she was telling him that they were in there but not on her
. . . ," and "so I am going to go ahead and make a finding that I believe the way the
statement came to the officer he was reasonable in believing that she was indicating to him
that there were drugs in the vehicle." Appellant pled guilty to possession of a controlled
substance and was assessed a sentence by the court that included seven years
confinement in the Institutional Division of the Texas Department of Criminal Justice.

 In reviewing a ruling on a motion to suppress, we give "almost total deference to a
trial court's determination of the historical facts that the record supports especially when
the trial court's fact findings are based on an evaluation of credibility and demeanor." 
Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We review de novo the
court's application of the law of search and seizure. Carmouche v. State, 10 S.W.3d 323,
327 (Tex.Crim.App. 2000). 

 In general, the decision to stop an automobile is reasonable when the police have
probable cause to believe a traffic violation has occurred. Wolf v. State, 137 S.W.3d 797,
801 (Tex.App.-Waco 2004, no pet.). In this case, the stop was appropriate because
appellant was traveling 37 miles per hour in a posted 30 mile per hour zone. (1) However,
an investigative detention must be temporary and last no longer than is necessary to
effectuate the purpose of the stop. Davis v. State, 947 S.W.2d 240, 243 (Tex.Crim.App.
1997). Once the reason for the stop has been satisfied, the stop may not be used as a
fishing expedition for unrelated criminal activity. Id. 

 Appellant argues the continued detention for ten to fifteen minutes after the initial
purpose of the stop ended was unreasonable. He also contends the decision to detain
them to wait for the canine unit was "based upon the nervousness of Appellant and his
passenger and the passenger's response to questions from the officer." Appellant argues
nervousness is insufficient to justify detention. We agree that nervousness may be a weak
indicator of hidden narcotics. McQuarters v. State, 58 S.W.3d 250, 257 (Tex.App.-Fort
Worth 2001, pet. ref'd). However, our agreement with appellant ends there. 

 An officer is generally justified in briefly detaining an individual on less than probable
cause for the purposes of investigating possible criminal behavior where the officer can
"point to specific and articulable facts, which, taken together with rational inferences from
those facts, reasonably warrant [the] intrusion." Carmouche, 10 S.W.3d at 328 (citing Terry
v. Ohio, 392 U.S. 1, 16 (1968)); see also Mohmed v. State, 977 S.W.2d 624, 628
(Tex.App.-Fort Worth 1998, pet. ref'd) (an officer is entitled to rely on all of the information
obtained during the course of contact with the citizen in developing the articulable facts that
would justify a continued investigatory detention). "A stop may not exceed its permissible
duration unless the officer has reasonable suspicion of criminal activity . . . if the initial,
routine questioning generates reasonable suspicion of other criminal activity, the stop may
be lengthened to accommodate its new justification." Wolf, 137 S.W.3d at 803-04 (citing
United States v. Portillo-Aguirre, 311 F.3d 647, 653 (5th Cir. 2002)); see also McQuarters,
58 S.W.3d at 260 (stating "additional facts and information discovered by an officer during
a lawful detention may form the basis for a reasonable suspicion that another offense has
been or is being committed"). In this case, the initial routine questioning of appellant's
passenger generated a reasonable suspicion of other criminal activity. Id. We lend almost
total deference to the trial court's finding that the manner in which the statement "Not on
me" came across to Officer Torres provided him an objectively reasonable basis for
believing that Ms. DeLeon was indicating to him that there were drugs in the vehicle. 
Guzman, 955 S.W.2d at 89. 

 A sniff of the outside of a vehicle by a trained canine is not a search within the
meaning of the Fourth Amendment. Mohmed, 977 S.W.2d at 628. Thus, the temporary
detention of a vehicle to allow an olfactory inspection by a police dog trained to detect the
odor of illegal drugs is not offensive to the Fourth Amendment when based on a
reasonable suspicion that the automobile contains narcotics. Id. Under the circumstances
present here, Officer Torres held a reasonable suspicion the vehicle contained illegal drugs
based on DeLeon's statement.

 Overruling appellant's sole issue, we affirm the judgment of the trial court. 



 James T. Campbell

 Justice




Do not publish.
1. Appellant does not contest the propriety of the original stop of the vehicle.



d appellant guilty
of aggravated kidnapping if the evidence showed beyond a reasonable doubt that he:

 intentionally or knowingly abducted complainant, without her consent, with
intent to prevent her liberation by secreting or holding [complainant] in a
place where [complainant] was not likely to be found and with intent to inflict
bodily injury . . . .


The charge also contained the lesser included offense of assault if the jury found that
appellant unlawfully, intentionally, knowingly, or recklessly caused bodily injury to
complainant by striking her with his hand or by kicking her with his feet. However, the
charge did not instruct the jury that the abduction element of aggravated kidnapping could
also be established by evidence showing restraint by using or threatening to use deadly
force. See Tex. Pen. Code Ann. § 20.01(2)(B).

 The evidence established that complainant had been living with appellant in his
apartment just a few days prior to July 9, 2000. Complainant's belongings were still at
appellant's apartment and she was in the process of making arrangements to move out. 
Garcia testified that when he and his son did not hear from complainant all day, he decided
to go to appellant's apartment

 because I couldn't figure out anyplace else that she would be. So, we just
figured that she had to pick stuff up from there anyway and maybe she was
there picking her stuff up because she [sic] going to be moving it out. 


Complainant testified that appellant's caller identification indicated that a friend of hers had
telephoned appellant's number late that afternoon probably because she had not picked
up her son. According to complainant, appellant did not allow her to answer the call. The
assistant manager from Sonic testified that appellant had called early on July 9, 2000, to
notify her she would be late because she was moving her things out of appellant's
apartment. From the foregoing evidence, the jury could have believed that complainant
was restrained at appellant's apartment, but that his apartment was not a place where the
complainant was not likely to be found. Schweinle v. State, 915 S.W.2d 17, 19-20
(Tex.Cr.App. 1996). We hold that the manner in which the jury was instructed on the
element of abduction is not supported by the evidence. Thus, the evidence is factually
insufficient to support a conviction for aggravated kidnapping. Point of error one is
sustained. 

 We must now determine whether the evidence is sufficient to support a conviction
for the lesser included offense of assault. See Collier v. State, 999 S.W.2d 779, 782
(Tex.Cr.App. 1999) (holding that a court of appeals may reform a judgment of conviction
to reflect conviction of a lesser included offense only if (1) the court finds that the evidence
is insufficient to support conviction of the charged offense but sufficient to support
conviction of the lesser included offense, and (2) the jury was instructed on the lesser
included offense). A person commits assault if he intentionally, knowingly, or recklessly
causes bodily injury to another. Tex. Pen. Code Ann. § 22.01. Complainant testified that
appellant struck her with his fist, open hand, and also kicked her. Appellant testified and
admitted during direct and cross-examination that he was responsible for injuries to
complainant's face. He testified that he pushed and slapped her several times out of
anger. Although he denied causing bruises to her arms and chest, and thought they were
caused by complainant wrestling with her son, it was the exclusive province of the jury to
determine the credibility of the witnesses and the weight to be given their testimony. We
conclude the evidence is sufficient to support a conviction for assault. 

 By his second point of error, appellant contends the trial court abused its discretion
in denying his motion and request for an evidentiary hearing with live witness testimony
instead of a "paper hearing by affidavit" regarding his motion for new trial raising grounds
of ineffective assistance of his trial counsel. We disagree. Rule 21.7 of the Texas Rules
of Appellate Procedure authorizes a trial court to receive evidence at a hearing on a
motion for new trial by affidavit or otherwise. Further, to warrant a hearing on a motion for
new trial, the supporting affidavit "must reflect that reasonable grounds exist for holding
that such relief could be granted." Jordan v. State, 883 S.W.2d 664, 665 (Tex.Cr.App.
1994). Appellant's sentence was imposed on February 15, 2001, and on February 20, he
filed a pro se motion for new trial unsupported by affidavit. Appointed counsel filed an
amended motion for new trial verified by appellant and notarized by counsel on March 26,
2001, outside the 30-day time limit in which to file an amended motion. See Tex. R. App.
P. 21.4(b). An affidavit sworn to before a movant's attorney is insufficient to support a
motion for new trial. Garza v. State, 630 S.W.2d 272, 273-74 (Tex.Cr.App. 1981); Stubbs
v. State, 457 S.W.2d 563, 564 (Tex.Cr.App. 1970). Thus, not only was appellant's
amended motion untimely, it was also unsupported by a properly sworn affidavit. We
conclude the trial court did not err in denying appellant's motion and request for an
evidentiary hearing with live witness testimony. Point of error two is overruled.

 By his third point of error, appellant contends the trial court committed fundamental
error during the punishment phase by failing to charge the jury on the issue of whether the
complainant was voluntarily released alive and in a safe place. We disagree. Section
20.04(d) of the Penal Code entitles a defendant to a jury instruction in the punishment
charge on the defensive issue of release in a safe place. Tex. Pen. Code Ann. § 20.04
(Vernon Supp. 2002). However, since the Penal Code was amended, a defendant has
been required to object to the absence of an instruction on the defensive issue or
otherwise bring the matter to the trial court's attention to preserve the complaint for appeal. 
Posey v. State, 966 S.W.2d 57, 63 (Tex.Cr.App. 1998); see also Act of May 24, 1995, 74th
Leg., ch. 318, § 4, Tex. Gen. Laws 2734, 2735-36. Prior to the amendment a trial court's
failure to instruct the jury on the defensive issue was error even if the defendant did not
object to the absence of the instruction in the charge. Williams v. State, 851 S.W.2d 282,
284, 287 (Tex.Cr.App. 1993). The record reflects that during the punishment phase, the
trial court asked for any objections to the charge by either the State or defendant and both
parties answered in the negative. Thus, without determining whether the evidence raised
the issue of release in a safe place, we conclude that appellant did not preserve his
complaint for appellate review. Point of error three is overruled.

 By his fourth and sixth points, appellant asserts error by the trial court in overruling
his objections to improper argument by the prosecution for urging a conviction (4) outside
the evidence based on the demands and expectations of the community, and (6) outside
the record based on "[e]verything that happens these days with domestic violence, that
happens on the radio and the TV--." To be permissible, jury argument must fall within
one of the following four general areas: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for
law enforcement. Cantu v. State, 939 S.W.2d 627, 633 (Tex.Cr.App. 1997), cert. denied,
522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997). Improper jury argument constitutes
reversible error only if, in light of the entire record, the argument is extreme or manifestly
improper, violates a mandatory statute, or injects into the trial new facts which are harmful
to the accused. Wilson v. State, 938 S.W.2d 57, 59 (Tex.Cr.App. 1996); Fant-Caughman
v. State, 61 S.W.3d 25, 28 (Tex.App-Amarillo 2001, pet. ref'd). During jury arguments,
prosecutors should refrain from making arguments based upon matters outside the record
or alluding to information not introduced into evidence. Borjan v. State, 787 S.W.2d 53,
57 (Tex.Cr.App. 1990). 

 In Holberg v. State, 38 S.W.3d 137 (Tex.Cr.App. 2000), cert. denied, __U.S.__, 122
S.Ct. 394, 151 L.Ed.2d 298 (2001), the prosecutor asked the jury to be the "conscience of
the community and to crack down on crime," and not to pick up a newspaper or turn on the
television or radio years later and regret they did not take action when they had the
chance. The Court found the argument to be a permissible plea for law enforcement. Id.
at 141. Rhetorical questions by the prosecution during closing argument such as, "How
many people are going to be kidnapped at knifepoint or beaten over the head with a tire
tool?" and "How may innocent victims have to be beaten, robbed, kidnapped and murdered
before we as a society get the message?" were found to be deductions from the evidence
and a proper plea for law enforcement. Cook v. State, 858 S.W.2d 467, 477 (Tex.Cr.App.
1993).

 Appellant complains about the prosecutor's comments regarding violence and
everything that "happens on the radio and TV," and his statement to the jury that if they
only found appellant guilty of assault to ask themselves what kind of message they were
sending the public. In proper context and considering the entire record, we find the
prosecutor's arguments were not extreme or manifestly improper, did not violate a
mandatory statute, or inject into the trial new facts harmful to appellant. We hold the
comments to be a proper plea for law enforcement. Points of error four and six are
overruled.

 By his fifth point, appellant contends the trial court erred in overruling his motion for
mistrial when the prosecution argued in a manner contrary to the law contained in the trial
court's charge during the guilt/innocence phase. Appellant complains of the following
comments by the prosecution:

 Ladies and gentlemen, we're not talking about we have to find the best
hiding place in all of Harris County to be able to be found guilty of
kidnapping. What we're talking about is a place not likely to be found,
discovered, rescued, a place where someone can't easily walk on by and
see what happened and be able to easily stop it. Sure, they found her,
eventually. It took about 13 or 14 hours. But the law is saying, a house, a
car -

 

Defense counsel objected that the prosecution was arguing law not in the charge and the
trial court sustained the objection and instructed the jury to disregard the statement. Our
sustention of appellant's first point for factually insufficient evidence to support a conviction
for aggravated kidnapping pretermits consideration of appellant's argument that the
prosecution's comments called for a conviction contrary to the law contained in the court's
charge.

 Accordingly, the judgment for aggravated kidnapping is reformed to reflect
conviction for the lesser included offense of assault and as reformed, is affirmed; that
portion of the judgment assessing punishment for the aggravated kidnapping is reversed
and remanded to the trial court for a new punishment hearing.


 Don H. Reavis

 Justice

 


Do not publish.
1. Appellant was originally indicted on July 10, 2000, as follows: 


 [appellant] did then and there unlawfully intentionally and knowingly abduct [victim], hereafter styled the Complainant
without his [sic] consent, with intent to prevent his [sic] liberation by USING AND THREATENING TO USE DEADLY
FORCE NAMELY, ASSAULT, ON THE COMPLAINANT, and with intent to INFLICT BODILY INJURY ON THE
COMPLAINANT AND OR TERRORIZE THE COMPLAINANT.


 Later, on November 1, 2000, appellant was re-indicted as follows:


 [appellant] did then and there unlawfully, intentionally and knowingly abduct [victim], hereafter
styled the Complainant, without her consent, with intent to prevent her liberation by secreting and
holding the Complainant in a place where the Complaint was not likely to be found and with intent
to inflict bodily injury on the Complainant.


 As demonstrated by the second indictment, appellant was not charged with nor tried for aggravated kidnapping by use
or threat of deadly force. Thus, a hypothetically correct jury charge as permitted under Malik was not authorized by the
second indictment. Malik v. State, 953 S.W.2d 234 (Tex.Cr.App. 1997). Accordingly, Malik does not apply.