

**NUMBERS**
**13-14-00171-CR**
**13-14-00172-CR**
**13-14-00301-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MICHAEL DAVID RAMIREZ,**        **Appellant,**
**a/k/a MICHAEL RAMIREZ**
**a/k/a DAVID MICHAEL RAMIREZ**

**v.**

**THE STATE OF TEXAS,**        **Appellee.**

**On appeal from the 445th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justice Benavides and Perkes
Memorandum Opinion by Justice Benavides**

By seven issues, appellant, Michael David Ramirez, a/k/a Michael Ramirez, a/k/a

David Michael Ramirez, challenges his conviction for robbery. He alleges there was jury

charge error by the trial court and improper comments made by the State during closing argument. We affirm the conviction.

## I. BACKGROUND

On June 12, 2013, at around 3:30 AM, Billy Bruce Gaubatz was awakened at his home by his dog barking. Gaubatz looked out his window and saw Ramirez entering his property through a gate. Gaubatz went outside to ask what Ramirez was doing. Ramirez responded to Gaubatz by saying "Don't worry about it." Ramirez proceeded into Gaubatz's carport area and picked up a weedeater. Gaubatz testified at trial that the area was well-lit enough for him to be able to identify Ramirez. Gaubatz followed after Ramirez as Ramirez went towards his car, still carrying the weedeater. Ramirez told Gaubatz, "Don't fuck with me" and reached behind him. Gaubatz stated he feared for his safety and told his dog to attack Ramirez. Ramirez hit the dog with the weedeater, got into his vehicle and sped off.

The following morning, a neighboring businessman told Gaubatz that a car that matched the description of Ramirez's vehicle was parked at a nearby home. Gaubatz proceeded to the home and saw a Jeep Liberty, which matched the vehicle he had seen leaving his home. He notified the Harlingen Police Department, and with the information provided by Gaubatz, they presented him with a photo lineup. Gaubatz positively identified Ramirez from the photo lineup. Ramirez was charged with robbery, a second degree felony. *See* TEX. PENAL CODE ANN. § 29.02 (West, Westlaw through Chapter 46 2015 R.S.).

The case was tried before a jury and the jury charge contained both a count for robbery and a lesser included offense for theft. *Id.* § 29.02, 31.03. Ramirez was found

guilty and the trial court assessed his punishment at six years in the Texas Department of Criminal Justice—Institutional Division.[1]  This appeal followed.

## II.    JURY CHARGE ERROR

By his first three arguments, Ramirez contends the trial court committed error in the jury charge instructions.  He alleges there was egregious harm by the instructions in the jury charge not requiring a unanimous verdict, failing to instruct the jury to convict of the lesser included offense if they were unsure of which offense Ramirez was guilty of, and there was reversible error by the trial court for adding the lesser included offense of theft over his objection.

### A.    Standard of Review and Applicable Law

In reviewing a challenge to a jury charge, we first must determine if the jury charge contained error.  *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015).  If error is found, we then 'analyze the harm resulting from the error."  *Id.*  If "an error is preserved with a timely objection…then the jury-charge error requires reversal if the appellant suffered some harm as a result of the error."  *Sanchez v. State*, 376 S.W.3d 767, 774 (Tex. Crim. App. 2012) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  If the appellant "failed to preserve jury-charge error, then we would have reviewed the record for egregious harm."  *Id.*  The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.  *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008).

---

[1] Ramirez also appealed his convictions on two motions to revoke: 13-14-172-CR and 13-14-301-CR where he was also sentenced to six years in the Texas Department of Criminal Justice.  No independent issues were brought forward on appeal regarding those revocations.  Those two revocations will be affirmed based on the decision to affirm the robbery conviction.

3

If the "error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of the defendant,' which means no more than that there must be *some* harm to the accused from the error." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (citing *Almanza*, 686 S.W.2d at 171). When an "appellant d[oes] not object to the charge, the error does not result in reversal 'unless it was so egregious and created such harm that appellant was denied a fair trial.'" *Warner*, 245 S.W.3d at 461 (citing *Almanza*, 686 S.W.2d at 171). "Egregious harm deprives appellant of a fair and impartial trial." *Trejo v. State*, 313 S.W.3d 870, 871 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Almanza*, 686 S.W.2d at 171). "Errors that result in egregious harm are those that affect the 'very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Warner,* 245 S.W.3d at 461-62 (citing *Hutch*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)).

To determine harm, we consider four factors: (1) the charge itself, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Trejo v. State*, 313 S.W.3d at 871 (citing *Hutch v. State*, 922 S.W.2d at 171). To establish both egregious or "some" harm, the "appellant must have suffered actual, rather than theoretical, harm." *Warner*, 245 S.W.3d at 461. Neither party bears the burden on appeal to prove harm. *Reeves v. State*, 420 S.W.3d at 816.

4

### B. Discussion

By his first issue, Ramirez alleges that the inclusion of certain language in the jury charge constituted egregious harm by not instructing the jury its verdict must be unanimous. The complained of language was:

> In order to return a verdict, each juror must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment.

> Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors.

There was no objection by Ramirez during the trial regarding the language of this portion of the jury charge. If there was error by the charge, our analysis would fall under the "egregious harm" standard. *Almanza*, 686 S.W.2d at 171. In order to begin this analysis, we are to look at the entire jury charge. In reading the entire charge of the court, it is clear the trial court properly instructed the jury that its verdict must be unanimous. Additional paragraphs within the charge state: "It is the Presiding Juror's duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Presiding Juror" and "After you have reached a unanimous verdict, the Presiding Juror…." Based on the fact that the proper instruction was given to the jury in the trial court's jury charge, we find there was no error. We overrule Ramirez's first issue.

By his second issue, Ramirez alleges the trial court committed reversible error by submitting the lesser included offense of theft in the jury charge over his objection. Ramirez claims that theft was not alleged in the indictment, so it was harm to include it as a lesser offense in the jury charge. During the trial, Ramirez's trial counsel objected to

the State's request to include theft as a lesser included offense in the jury charge. Ramirez claims that because the State had not indicted Ramirez for theft in the indictment, they had abandoned the ability to charge him with theft in the jury charge. However, including a lesser-included offense in a jury charge is proper when the requested offense is a lesser-included offense of the offense charged and "an instruction on a lesser-included offense [shows] the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007).

In Ramirez's case, in order to be convicted of robbery, the State had to prove a theft had occurred. *See* TEX. PENAL CODE ANN. § 29.02. The trial court found that sufficient evidence of theft and the value of the item stolen was presented by the trial testimony and the evidence was sufficient to send to the jury for the lesser-included offense. "Even if the prosecutor believes in a given case that he will secure a conviction on the charged offense if the only alternative is acquittal, he might also believe that the jury should be given the option to decide whether a conviction on the lesser offense is more appropriate." *Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009). "If the State proves the charged offense, it necessarily proves all lesser-included offenses. That is why the submission of a lesser-included offense does not violate the defendant's constitutional due-process right to notice of the crime of which he is accused." *Wasylina v. State*, 275 S.W.3d 908 (Tex. Crim. App. 2009). Theft is a lesser-included offense of robbery, and there was no error by the State asking for, and the trial court including, theft

in the jury charge. *See* TEX. PENAL CODE ANN. § 29.02, 31.03. We overrule Ramirez's second issue.

By Ramirez's third issue, he alleges he suffered egregious harm by the trial court's failure to include a "benefit of the doubt" instruction. Ramirez did not request a "benefit of the doubt" instruction from the trial court. The "general rule has been that, where greater and lesser grades or degrees of an offense are charged, the court must upon the defendant's request give the jury a 'benefit of the doubt' instruction that, if the evidence leaves a reasonable doubt of the grade or degree of the offense, such doubt should be resolved in favor of the defendant." *Benavides v. State*, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1988, no pet.); *Kihega v. State*, 392 S.W.3d 828, 836-838 (Tex. App.—Texarkana 2013, no pet.). However, even in cases where the instruction had been requested and denied by the trial court, higher courts have found that while it was error, it was not harmful to the defendant. *See Shelby v. State*, 724 S.W.2d 138, 140 (Tex. App.—Dallas 1987), *vacated on other ground,* 761 S.W.2d 5 (Tex. Crim. App. 1988); *Benavides*, 763 S.W.2d at 589. Similarly, here as in *Benavides*, the charge given to the jury clearly instructs them that if they are not convinced beyond a reasonable doubt that Ramirez was guilty of robbery, they should acquit him of the greater offense before moving on to consider the lesser offense of theft. No further "benefit of the doubt" instruction is necessary. We overrule Ramirez's third issue.

### III.    CLOSING ARGUMENTS

By his fourth, fifth, and sixth arguments, Ramirez alleges that the State's closing argument violated his rights.

## A.    Standard of Review and Applicable Law

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion.  *Rodriguez v. State*, 446 S.W.3d 520, 536 (Tex. App.—San Antonio 2014, no pet.).  "Such argument does not result in reversal 'unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding."  *Id.* (citing *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000)).  "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial."  *Id.*

## B.    Discussion

By his fourth issue, Ramirez claims the State's closing argument concerning "community expectations" violated his rights.  However, Ramirez has failed to provide a clear and concise argument with citations to the record and authority to support this issue. It is therefore inadequately briefed for our review.  *See* TEX. R. APP. P. 38.1(i).  We, therefore, overrule Ramirez's fourth issue.

By his fifth issue, Ramirez claims the State's closing argument asked the jury to take the place of the victim and deprived him of his right to a fair trial.  Ramirez claims that the prosecutor's closing arguments asking the jurors to take the place of the victim violated the "golden rule."  The proper method of preserving error in cases of prosecutorial misconduct is to: (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial.  *Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Here, as in *Hajjar*, Ramirez made no objection on the basis of prosecutorial misconduct.  *Id.*  By failing to object on this theory

8

at trial, appellant has preserved nothing for our review. *See* TEX. R. APP. P. 33.1; *Robison v. State*, 456 S.W.3d 660, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We overrule Ramirez's fifth issue.

By his sixth issue, Ramirez alleges that the State's closing argument went outside the evidence. The State asked the jury to consider what would have happened if the "victim" in this case had not stopped his confrontation with Ramirez. Ramirez's trial counsel objected to this line of argument as outside the record and the trial court overruled the objection. The State continued with the same hypothetical example and Ramirez's trial counsel did not object a second time.

The "purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the admitted evidence alone." *Fant-Caughman v. State*, 61 S.W.3d 25, 28 (Tex. App—Amarillo 2001, pet. refused). Jury argument must fall within one of four general areas: "(1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement." *Id.* (citing *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997*)).* If any argument does not fall into one of the four categories of proper argument, it is rather a plea for abandonment of objectivity." *Brandley v. State*, 691 S.W.2d 699, 712 (Tex. Crim. App. 1985) (en banc). Even if here, the prosecutor's comments fell outside the four areas allowed for argument, they would be harmless error. In evaluating the argument, we look to the factors established by the Court of Criminal Appeals in *Mosley v. State*. *Franklin v. State*, No. 06-14-00046-CR, ___ S.W.3d ___, 2015 WL 1043804, at *10 (Tex. App.—Texarkana March 10, 2015, no pet.) (citing *Mosley*, 983 S.W.2d 249 (Tex. Crim. App. 1998)). The

factors are: "(1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Id.* Here, the severity of the comments by the State was slight and the evidence supporting the conviction was strong. Ramirez's sixth issue is overruled.

## IV. CODE OF CRIMINAL PROCEDURE ARTICLE 36.27

In his seventh point of error, Ramirez claims the trial court's oral response to a jury note on the record constituted reversible or fundamental error. Ramirez specifically challenges the trial court's actions under Article 36.27 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. § 36.27 (West, Westlaw through Chapter 46 2015 R.S). Article 36.27 governs how a jury may communicate with the trial court during deliberations, and states the trial court "must answer juror questions in writing." *Id.* However, "even if communications are not carried out in strict accord with this article…there is no reversible error when such communications do not amount to additional instructions on the law or some phase of the case, such as communications regarding administrative matters." *Wood v. State*, 87 S.W.3d 735, 739 (Tex. App.—Texarkana 2002, no pet.). Here, the trial court brought the jury into the courtroom to answer their note. The jury had requested exhibits not introduced into evidence and the court properly told them that "by law the Court is not allowed to answer your question nor is it allowed to provide to you the documents requested. You may only review the documents that have been admitted into evidence." The trial court felt bringing the jury in and answering this question orally would be more time efficient. Trial counsel stated

10

he thought it would be faster to give the jury a written response, but made no specific objection. No additional instructions or improper comments occurred. Ramirez's seventh issue is overruled.

## V. CONCLUSION

We affirm the judgments of the trial court.


GINA BENAVIDES,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.