



## OPINION

No. 04-09-00811-CR

Jose **GONZALES**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 239621
Honorable Karen Crouch, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  October 27, 2010

AFFIRMED

Jose Gonzales, Jr. was convicted of driving while intoxicated and sentenced to six months in jail and fined $3000.00, both probated for a period of six months. Gonzales appeals the judgment, asserting the evidence is legally and factually insufficient to support the jury's verdict. We affirm the trial court's judgment.

**BACKGROUND**

The charge against Gonzales arose from an accident that occurred in the evening hours of December 31, 2007. Gonzales testified at trial, and admitted he was driving a vehicle that crashed into the yard of Mark Palm, causing damage to a fence and other personal property belonging to Palm. Gonzales attributed the accident to a tire blowout that occurred as he came to an intersection. Gonzales testified he had one glass of wine earlier in the day, but was not intoxicated at the time of the accident. He told the jury that as he approached the intersection, his tire blew out, causing him to lose control and crash into the fence. Gonzales told the jury he saw some lights come on in the house, but he panicked and left the scene because he did not know if the people were going to "beat him up." He testified he knew that when he left the accident scene he was driving just on a rim without his tire. Gonzales testified he drove to his residence and drank three glasses of wine because he was nervous. Gonzales stated he was at his home for approximately thirty minutes before the police arrived. Gonzales told the jury many of the symptoms identified by the police as signs of intoxication were really caused by the stress occasioned by the hospitalization of his father, and that he had not been getting enough sleep. Gonzales testified his father had been on life support, he was intending to return to the hospital to visit his father before the accident, and his father died several days later. Lourdes Gonzales, the wife of the defendant, testified she was with him shortly before the accident, and the defendant drank only one glass of wine.

Palm testified he was sitting inside his house and saw through the patio door a vehicle crash through his fence and into his backyard. Palm testified he went out to investigate and saw the driver of the vehicle spinning the truck's tires in an attempt to drive away. Palm stated he banged on the windows to have the driver stop, but the driver sped off down the street. He stated

he did not notice any flat tires on the vehicle as it drove away. Palm said that because the vehicle's windows were tinted, he could only determine the driver was a male, and there was a female passenger in the vehicle. Palm told the jury he later obtained a police report and left a note at the address of the person listed on the report. Gonzales later contacted Palm and apologized for fleeing the scene.

San Antonio Police Officer Blake Jackson testified he went to the Palm residence and obtained a description of the vehicle involved. He transmitted the description over the police radio. Officer Jackson later received a report from the police dispatcher that someone had called 911 and reported he was following a vehicle that was riding on one of its rims and had a "blown-out tire." Officer Jackson concluded the vehicle matched the description given by Palm. He located the vehicle at Gonzales's home about twenty-to-thirty minutes after the accident. Officer Jackson testified a black Explorer was parked in front of the residence and there was extensive damage to the front and sides of the vehicle. He testified one tire had been shredded and was sitting on the rim.

Officer Jackson knocked on the door and Gonzales invited Officer Jackson and his cover officer into his house. Officer Jackson testified he noticed there was a strong odor of intoxicants on Gonzales's breath, his clothing was "disheveled," and Gonzales spoke in a very loud voice. Officer Jackson also testified Gonzales's mood would swing back and forth between being belligerent and friendly. Officer Jackson concluded Gonzales was intoxicated. When asked whether Gonzales could have reached the level of intoxication witnessed by the officer in the span of twenty minutes, Officer Jackson responded that based on his training and experience, he doubted it was possible. Officer Jackson testified that a person would have to drink for twenty minutes straight, and he did not observe any evidence that Gonzales had been drinking at the

residence. Officer Jackson testified he began to perform several field sobriety tests upon Gonzales, but was only able to conduct the horizontal gaze nystagmus test. Officer Jackson found six clues, indicating Gonzales was intoxicated. Officer Jackson told the jury he was not able to conduct the remainder of the tests because Gonzales was unable to stand or support himself. Gonzales was arrested for driving while intoxicated and later refused to take the breath test.

San Antonio Police Officer Christopher Waclawczyk testified he acted as cover officer for Officer Jackson at the Gonzales residence. Officer Waclawczyk told the jury he accompanied Officer Jackson into the residence and also concluded Gonzales was intoxicated. San Antonio Police Officer Kris Maurice testified he investigated the accident scene and did not find any tire debris or any other evidence of a tire blowout. He also stated he did not find any skid or other tire marks at the stop sign located at the intersection.

SUFFICIENCY OF THE EVIDENCE

Gonzales argues the evidence is legally and factually insufficient to support the jury's verdict. However, after the briefs were filed in this matter, the Court of Criminal Appeals issued its opinion in *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613 (Tex. Crim. App. Oct. 6, 2010). Although only four judges joined in the plurality opinion, a majority of the judges agreed it is no longer appropriate to conduct a separate review for factual sufficiency in criminal appeals. *Brooks*, 2010 WL 3894613, at *14; *Brooks*, 2010 WL 3894617, at *15 (J. Cochran concurring). Accordingly, we will review the evidence to determine whether it is legally sufficient under "a proper application of the *Jackson v. Virginia* standard." *Brooks*, 2010 WL 3894613, at *14. Under that standard, we review the evidence for legal sufficiency by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational

trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We must defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see also Brooks*, 2010 WL 3894613 at \*13 ("direct-appeal courts should review a jury's verdict under deferential standards.") "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The standard of review is the same for cases relying on either direct or circumstantial evidence. *Id*. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of the incriminating circumstances is sufficient to support the conviction." *Id*.

## DISCUSSION

Gonzales asserts the evidence is legally insufficient to support the conviction because "he had a very good explanation for being deficient in his mental faculties." Gonzales contends any loss of his mental faculties was due to lack of sleep over concern about his father, rather than due to intoxication. Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support the jury's verdict.

A person commits the offense of driving while intoxicated if he operates a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04 (West 2008). Evidence of intoxication obtained near the time of driving is probative evidence the defendant was

intoxicated while driving. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (results of breath test obtained ninety minutes after arrest probative of both impairment and per se prongs of driving while intoxicated offense); *Stewart v. State*, 129 S.W.3d 93, 97-98 (Tex. Crim. App. 2004) (results of breath test obtained eighty minutes after arrest probative of both impairment and per se prongs of driving while intoxicated offense). Gonzales acknowledged the officers arrived at his house approximately thirty minutes after the accident. Two officers testified Gonzales was intoxicated roughly thirty minutes after the accident.

Additionally, the accident involved only one vehicle and involved a fence. The Court of Criminal Appeals has held that such circumstances provide some circumstantial evidence the actor's intoxication caused the accident. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) ("Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object."). Furthermore, "a driver's failure to brake also provides some evidence that the accident was caused by intoxication." *Id.* at 463. Officer Waclawczyk testified he found no skid or other tire marks at the intersection, indicating Gonzales made no attempt to slow down. Also, Gonzales refused to stop his vehicle and fled the scene of the accident.

Flight from the scene of a crime may also be circumstantial evidence of guilt. *See Harris v. State*, 34 S.W.3d 609, 616 (Tex. App.—Waco 2000, pet. ref'd) (applying principle to defendant charged with driving while intoxicated fleeing scene of accident). Additionally, the manner in which a defendant operates his vehicle may be circumstantial evidence of his intoxication. *Kennemur v. State*, 280 S.W.3d 305, 313 (Tex. App.—Amarillo 2008, pet. ref'd), *cert. denied*, 129 S.Ct. 2005 (2009). Officer Jackson testified it was approximately five-to-seven

miles from the scene of the accident to the defendant's residence. He testified Gonzales would have been driving only on the rim of the wheel with the shredded tire, and Gonzales's failure to stop to address the tire was indicative of being intoxicated.

Gonzales admitted he was driving his vehicle when the accident occurred, but contended he was not intoxicated while driving. He also admitted he was intoxicated at his house some twenty-to-thirty minutes after the accident. We recognize Gonzales testified that the cause of his intoxication was his consumption of three glasses of wine after arriving at his residence. However, as the sole arbiter of credibility, the jury was free to disregard, and apparently disregarded, his testimony on this matter. Furthermore, Officer Jackson testified without objection that a person would not likely have reached the level of intoxication he observed in Gonzales unless the person drank continuously for twenty minutes, and he saw no evidence near Gonzales that indicated Gonzales had been drinking at his residence.

While each circumstance independent of the other might not support a finding of legal sufficiency, "the cumulative force of the incriminating circumstances is sufficient to support the conviction." *See Hooper*, 214 S.W.3d at 13. Based on all the evidence, the evidence is legally sufficient circumstantial evidence from which a reasonable jury could have found all the essential elements beyond a reasonable doubt.

## CONCLUSION

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

PUBLISH