Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-11-00331-CR

Tony **ZAMARIPPA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR9778
Honorable Ron Rangel, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  May 16, 2012

AFFIRMED

A jury convicted appellant Tony Zamarippa of aggravated kidnapping and assessed punishment at ten years confinement in the Texas Department of Criminal Justice–Institutional Division.  On appeal, Zamarippa contends the evidence is legally insufficient to support his conviction.  We affirm.

**BACKGROUND**

Late one evening, R.H. was driving home when a tire on her Ford Mustang blew out, forcing her to pull over to the side of the road. Unbeknownst to R.H., she was being followed by Zamarippa and his friend Michael Arias, who had been out drinking. When the men saw her pull over, they pulled over as well and got out of their car. Zamarippa said they were "trying to have fun." As they got out of their car, Arias whispered to Zamarippa that he planned to kidnap and assault R.H. Zamarippa began talking to R.H. while Arias approached her from behind. R.H. told Zamarippa she did not need help and began to walk back to her car. Arias stopped her and said, "You're not fucking going anywhere." Arias then beat and kicked R.H. until she was almost unconscious. Before she completely blacked out, R.H. heard Zamarippa say, "hurry up, hurry up, pick her up, put her in the back, put her in the car." Zamarippa said Arias placed R.H. in the back of their car, which was a rental.

The two men drove off with R.H. in the back seat of their vehicle. While Zamarippa drove, Arias assaulted R.H. R.H. was in and out of consciousness. When she would regain consciousness and cry out, Arias would punch her.

Eventually, Zamarippa pulled over to the side of the road and R.H. was pushed out of the car. R.H. regained consciousness and ran for help. She collapsed at a gas station and EMS was called. R.H. was rushed to the hospital where a nurse performed a sexual assault examination and documented R.H.'s many injuries. The injuries included two linear tears on the outside fold of R.H.'s anus and a large bruise on the right inner butt cheek near the anal area. A photograph showed a bite mark on R.H.'s buttock. Photographs were admitted into evidence showing R.H. was severely beaten, with particular damage to her face.

After pushing R.H. from their car, Zamarippa and Arias returned to her Mustang. Zamarippa stated Arias rummaged through the car and took several items. After this, Zamarippa dropped off Arias. The next day, Zamarippa looked into the back of the rental car and found the backseat covered in blood. Zamarippa also noticed the car had a bent rim. Zamarippa took the rental car to his mechanic, Gabriel Cedillo, to fix the bent rim before he returned the car. At that time, Zamarippa confided in Cedillo about the events of the previous evening. Later, Cedillo called the San Antonio Police Department to report what Zamarippa had told him. Cedillos's information, along with other information discovered during the investigation, led to the arrest of Zamarippa and Arias.

Zamarippa was charged with three counts of aggravated sexual assault and one count of aggravated kidnapping. A jury found appellant guilty of aggravated kidnapping, but found him not guilty on all three counts of aggravated sexual assault. After he was sentenced to ten years imprisonment, Zamarippa perfected this appeal.

## ANALYSIS

In a single point of error, Zamarippa contends the evidence was legally insufficient to support the jury's finding of guilt for the crime of aggravated kidnapping. Specifically, he contends the evidence was insufficient for the jury to find that a sexual assault occurred.

### *Standard of Review*

In reviewing the legal sufficiency of the evidence, an appellate court uses the standard established in the Supreme Court's opinion in *Jackson v. Virginia*. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)); *Mayberry v. State*, 351 S.W.3d 507, 509 (Tex. App.—San Antonio 2011, pet. ref'd). In this review, the relevant question is whether, after reviewing the evidence in the light most favorable to the

verdict, any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. This standard takes into account the fact finder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* The standard requires that we resolve any inconsistencies in the testimony in favor of the verdict. *Gonzales v. State*, 330 S.W.3d 691, 694 (Tex. App.—San Antonio 2010, no pet.) (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)). Therefore, in analyzing a legal sufficiency challenge, we must determine whether the necessary inferences are reasonable based on the combined force of the evidence, direct and circumstantial, when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Mayberry*, 351 S.W.3d at 509.

### *Application*

A person commits the offense of aggravated kidnapping if he "intentionally or knowingly abducts another person with the intent to facilitate the commission of a felony." TEX. PENAL CODE ANN. § 20.04(a)(3) (West 2011). The State alleged Zamarippa abducted R.H. with the intent to facilitate a sexual assault. A person commits a sexual assault if he intentionally or knowingly "causes the penetration of the anus or sexual organ of another person by any means, without that person's consent," or "causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." *Id.* § 22.011(a)(1)(A), (C). A sexual assault is "without consent" if the person assaulted is compelled to submit or participate by use of physical force or violence, or if the person assaulted is unconscious or physically unable to resist. *Id.* § 22.011(b)(1), (3).

Based on the indictment and the law of parties, the jury was instructed it could find Zamarippa guilty if it found beyond a reasonable doubt that (1) Arias intentionally or knowingly

abducted R.H. with the intent to facilitate the commission of the felony of sexual assault, and (2) Zamarippa, with intent to promote or assist in the aggravated kidnapping, solicited, encouraged, directed, aided, or attempted to aid Arias in the commission of the offense. *See id.* § 20.04(a)(3); TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011) (setting forth law of parties). Zamarippa contends the evidence was insufficient for the jury to find him guilty because there was insufficient evidence that Arias committed a sexual assault, i.e., that R.H. was sexually assaulted. We disagree.

In support of his contention, Zamarippa points out potential problems with R.H.'s testimony: (1) she was in and out of consciousness after the abduction, (2) her eyes were swollen from the beating by Arias, reducing her ability to see, (3) she had been drinking, (4) the abduction occurred at night, (5) her testimony "evolved" and was unreliable, (6) she told the paramedic she was not sexually assaulted, and (7) near the time of the event, she never told anyone a sexual assault occurred. Zamarippa contends R.H.'s testimony was therefore unreliable, and the jury could not have found a sexual assault occurred based on this evidence.

Zamarippa also points to testimony by the sexual assault examining nurse, who stated on cross examination that she could not tell with certainty that a sexual assault had occurred, though she did opine that R.H.'s injuries were consistent with a sexual assault.

However, when all of the evidence is viewed in the light most favorable to the verdict, and we take into account the fact finder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," we hold the evidence was legally sufficient for the jury to find Arias sexually assaulted R.H., making Zamarippa guilty of aggravated kidnapping as a party. *See Jackson*, 443 U.S. at 319. Despite being in and out of consciousness, R.H. was able to remember certain things that happened while

she was in the backseat. She remembered hearing voices, laughing and giggling. She remembered hands touching her breasts. R.H. also remembered hands removing her panties–only Arias and Zamarippa were in the car. At one point, R.H. heard Zamarippa say in Spanish, "stick it in her ass." She then felt something penetrate her anus, something "bigger than a finger." R.H. also testified that after she was pushed from the car, she discovered her bra and panties were no longer on her body.

Zamarippa admitted to police in a video seen by the jury that he heard clothes being torn and saw Arias "sexually assaulting [R.H.]." More specifically, he said he heard Arias making "kissing" noises and saw Arias sexually assaulting R.H.'s vaginal area. According to Zamarippa, Arias later said, "man, you should have tasted her pussy."

The nurse who examined R.H. after the assault testified R.H. had two linear tears on the outside fold of her anus and a large bruise on the right inner butt cheek near her anal area. The nurse stated R.H.'s injuries were consistent with a sexual assault.

While there may not have been specific, direct testimony of a sexual assault, we hold the jury could have reasonably inferred that Arias sexually assaulted R.H. based on the combined force of the evidence–specifically the testimony of R.H., the videotaped statement given by Zamarippa to police, the testimony of the nurse, the photographic evidence of R.H.'s extensive injuries, and Cedillo's testimony supporting R.H.'s version of events. *See Clayton*, 235 S.W.3d at 778; *Mayberry*, 351 S.W.3d at 509. Accordingly, we overrule Zamarippa's sole point of error.

### CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish