



# MEMORANDUM OPINION

No. 04-11-00495-CR

Dillon Emanuel **POWELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kimble County, Texas
Trial Court No. 2010-DCR-0158
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:      Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  August 22, 2012

AFFIRMED

A jury convicted appellant Dillon Emanuel Powell of felony money laundering.  On appeal, Powell asserts: (1) the indictment was defective for failing to provide sufficient notice; (2) the evidence was legally insufficient; and (3) the trial court erred in denying Powell's motion to suppress.  We affirm the trial court's judgment.

**BACKGROUND**

On March 25, 2010, Investigator Shannon Conklin stopped a vehicle for following too closely and registration violations.  Due to heavy traffic, Investigator Conklin approached the passenger side of the vehicle.  The driver, Powell, identified himself and provided Investigator Conklin a Maryland driver's license and paperwork on the vehicle, which was owned by Powell's employer, Low Budget Auto Sales.  Powell explained he was traveling from Houston to Phoenix to see his sick step-father.  When questioned further, Powell told Investigator Conklin he was going to Oro Valley, but Investigator Conklin knew, from personal experience, that Oro Valley was actually a suburb of Tucson, not Phoenix.

Although Powell's background search was clear, based on his experience with the Texas Department of Public Safety and extensive training in drug interdiction, Investigator Conklin was concerned that something was awry.  Investigator Conklin testified that when the window was first rolled down, a very strong odor of air freshener emanated from the vehicle.  Moreover, Investigator Conklin explained that Powell's nervousness escalated while waiting for the background check to be completed.  Investigator Conklin testified that although it is not unusual for a person to be nervous when stopped by officers, in most situations, as the officer completes the paperwork and conducts their initial investigation, the driver's anxiety level dissipates.  Powell, on the other hand, became more nervous and anxious as Investigator Conklin questioned him and conducted his initial investigation.  Additionally, although Powell professed to be staying in Phoenix for a week or two, Investigator Conklin could see only one set of underwear and a couple of shirts on the backseat.

Based on all of the information at Investigator Conklin's disposal:  (1) a driver from Houston with a Maryland driver's license; (2) a Texas-registered vehicle; (3) Powell's elevated

nervousness; (4) third-party ownership of the vehicle; (5) Powell's inconsistencies in the origin and destination point; (6) the minimal amount of clothes in the vehicle for an estimated one to two week trip; (7) Powell's reason for the trip; and (8) the strong odor of air freshener emanating from the vehicle, Investigator Conklin suspected possible criminal activity and obtained Powell's consent to search the vehicle. Officers eventually uncovered almost $400,000.00, wrapped in bundles and hidden in the back quarter panels of the vehicle.

## ANALYSIS

Powell contends: (1) the State's indictment did not provide sufficient notice to prepare a defense; (2) the record does not contain proof of the underlying felony, i.e., the delivery of a controlled substance; and (3) the trial court erred in denying Powell's motion to suppress.

### *Insufficient Indictment*

In his first issue on appeal, Powell argues the trial court erred in denying his motion to quash the indictment because it did not reasonably inform him of the offense with which he was charged. Often, a trial court's decision on a motion to quash an indictment is reviewed for an abuse of discretion. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). However, when resolving a question of law that does not turn on an evaluation of witness credibility and demeanor, the trial court is in no better position to make a legal determination than an appellate court. *Id.*; *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In these circumstances, we review the sufficiency of an indictment de novo. *Moff*, 154 S.W.3d at 601.

The Sixth Amendment of the United States Constitution, and Article I, section 10 of the Texas Constitution "guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution." U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. In Texas, the indictment must provide a defendant with notice of the "nature and cause" of

the charges sufficient to prepare a defense. *Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998). When resolving whether a charging instrument alleges "an offense," an appellate court must determine whether the allegations contained within are sufficiently clear to allow an individual to identify the offense alleged. *Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007). Importantly, this information must come from the face of the indictment. *See Teal*, 230 S.W.3d at 181; TEX. CODE CRIM. PROC. ANN. art. 21.03 (West 2009).

In most cases, an indictment tracking an offense's statutory language provides adequate notice to the accused of the nature of the charges against him. *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000), *overruled in part on other grounds by Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001); *Mays v. State*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009). An indictment need not set forth facts which are "merely evidentiary in nature." *Mays*, 967 S.W.2d at 406. However, in the face of a motion to quash, an indictment must provide more specific allegations "if the prohibited conduct is statutorily defined to include more than one manner or means of commission." *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994). The statutory definition of "criminal activity" includes a "myriad of manner or means of commission." *Deschenes v. State*, 253 S.W.3d 374, 378 (Tex. App.—Amarillo 2008, pet. ref'd),

The essential elements of the offense of money laundering require that a person: (1) knowingly; (2) acquire or maintain an interest in, receive, conceal, possess, transfer, or transport; (3) the proceeds; (4) of criminal activity. TEX. PENAL CODE ANN. § 34.02 (West 2011). Therefore, for an indictment alleging the offense of money laundering to be upheld it must specifically set forth the offense which the State contends to be the relevant "criminal activity." *Deschenes*, 253 S.W.3d at 378.

Powell relies on *Deschenes v. State* to support his claim that the State's indictment in this case is defective. However, the issue in *Deschenes* was sufficiency of the evidence, not the validity of the indictment. *Deschenes*, 253 S.W.3d at 374, 380-82. After determining that the State failed to present any "credible evidence of a temporal connection, or nexus, between the money and some criminal activity," the court concluded that the jury's verdict was not supported by legally sufficient evidence. *Id*. at 385-86.

The indictment in *Deschenes* alleged that Deschenes did:

> then and there knowingly possess, conceal, and transport the proceeds of criminal activity, to-wit: United States currency, and the value of the said funds was $3,000.00 or more but less than $20,000.00, against the peace and dignity of the State.

*Id*. at 377. Unlike *Deschenes*, the indictment in the present case alleged that Powell:

> then and there: Acquired or maintained an interest in, concealed, possess, transfers, or transports proceeds of criminal activity, to wit: delivery of controlled substance, and the value of said funds was $200,000.00 or more

The Penal Code specifically provides that "criminal activity" includes any offense that is classified as a felony in Texas. TEX. PENAL CODE ANN. § 34.01(1)(A) (West 2011). Unlike the indictment in *Deschenes*, Powell's indictment charged the criminal activity of delivery of a controlled substance, a felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2009). Additionally, the indictment tracts the language of the statute and sets forth each of the essential elements of the offense. *See* TEX. PENAL CODE ANN. § 34.02 (West 2011). Accordingly, we hold the indictment provided Powell with notice of the offense sufficient to allow him to prepare a defense.

### *Legal Sufficiency*

Powell next argues that the proof of the underlying felony, i.e., delivery of a controlled substance, is completely absent, and therefore the evidence is legally insufficient.

An appellate court reviews the legal sufficiency of the evidence under the standard provided in *Jackson v. Virginia*, 443 U.S. 307 (1979). In reviewing the sufficiency of the evidence, an appellate court examines "the evidence in the light most favorable to the prosecution" and determines whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We resolve any inconsistencies in the testimony in favor of the verdict. *Gonzales v. State*, 330 S.W.3d 691, 694 (Tex. App.—San Antonio 2010, no pet.) (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)). An appellate court must further determine whether the necessary inferences are reasonable based on the combined force of the evidence, direct and circumstantial, when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

We must also remain mindful that an appellate court cannot substitute its judgment for that of the jury. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Additionally, "circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

In the present case, the underlying criminal activity was the delivery of a controlled substance, a felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2009). Investigator Conklin testified that when he first pulled back the side panels in the back of Powell's vehicle, he could immediately smell the distinctive odors of both marijuana and cocaine. Additionally, Investigator Mike Chapman, who assisted in the search of the vehicle,

- 6 -

testified that while they were pulling the bundles of money out of the vehicle, he noticed a strong smell of marijuana in the wrapping which, based on his experience, indicated that the currency had been in or around illegal substances. He further explained that, in his opinion, the money was stored in the same compartment where narcotics had been stored. Not only was the compartment itself consistent with the transporting of drugs and contraband, but based on his training and experience Investigator Chapman also testified the manner in which the money was wrapped – stacks of money, wrapped in Saran Wrap and then duct-taped into "bricks"– was used to try and conceal the smell of the drugs from the potential search by a canine.

Taking the evidence, both physical and circumstantial, in the light most favorable to the prosecution, the jury considered: (1) the strong smell of air freshener, often used to mask the smell of narcotics; (2) the testimony of two officers experienced in drug trafficking describing the odor of marijuana and cocaine emanating from the compartment; (3) the money, covered in Saran Wrap and then duct-taped in the form of bricks, a manner that is used to mask the odor on currency so as to defeat narcotics canines; (4) the hidden compartment, the back quarter panel in the vehicle, a common place for contraband to be stored; and (5) Powell's actions before, during, and after the search. Accordingly, we cannot say that a rational trier of fact could not have come to the same conclusions. *See Clayton*, 235 S.W.3d at 778. We therefore hold the evidence was legally sufficient to prove the money located during the search of Powell's vehicle was involved in criminal activity.

### *Motion to Suppress*

Finally, Powell argues the trial court erred in failing to grant his pretrial motion to suppress because the search of the vehicle exceeded the cursory scope allowed for a routine traffic stop. An appellate court reviews a trial court's ruling on a motion to suppress evidence

for abuse of discretion, using a bifurcated standard. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to a trial court's determination of facts and review the trial court's application of the law de novo. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *Guzman*, 955 S.W.2d at 88–89. A trial court's application of the law to the facts is affirmed if the ruling is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Valtierra*, 310 S.W.3d at 447–48. Furthermore, in the absence of explicit findings of fact by the trial court, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported in the record. *Valtierra*, 310 S.W.3d at 447; *Montanez v. State*, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006). The trial court is the sole judge of the credibility of the witnesses and their testimony. *Maxwell*, 73 S.W.3d at 281.

A valid temporary detention must be reasonable and justified at its inception. *Terry v. Ohio*, 392 U.S. 1, 19–20, (1968); *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). An officer is justified in initiating a traffic stop "if the officer, based upon specific and articulable facts, reasonably surmises that the detained person may be associated with a crime." *Davis v. State*, 829 S.W.2d 218, 219 (Tex. Crim. App. 1992) (citing *Terry*, 392 U.S. at 21). Here, Investigator Conklin testified Powell was traveling too closely to another vehicle and the registration stickers in the front windshield of the vehicle being driven by Powell were expired. Accordingly, we hold Investigator Conklin was justified in initiating the traffic stop.

After the vehicle was stopped, Investigator Conklin immediately detected an extremely strong odor of air freshener in the vehicle. He also found Powell's explanation of his stated travels to Phoenix nonsensical in light of Powell's claims of where he was going and why, and

the lack of clothing in the vehicle. Based on the totality of the circumstances, Investigator Conklin asked for consent to search the vehicle and to conduct a pat down search of Powell. Although Investigator Conklin could not remember verbatim what was said, and the audio on the video recording cannot be discerned, Investigator Conklin was adamant that Powell consented to the search of the vehicle. Moreover, Investigator Conklin pointed out the video does not show Powell making any gestures contesting the search, and shows Powell "gladly got out" of his vehicle.

Once in the vehicle, Investigator Conklin noted several indicators raising his level of suspicion of criminal activity. Investigator Conklin articulated specific examples to support his reasonable suspicion of criminal activity justifying request for consent to search the vehicle. Moreover, the trial court heard the testimony and viewed the video of the traffic stop and Investigator Conklin's request for consent to search. *See Maxwell*, 73 S.W.3d at 281 (deferring to trial court's determination of facts). Viewing the testimony in the light most favorable to the trial court's findings, we hold the trial court's denial of Powell's motion to suppress was not an abuse of discretion.

### CONCLUSION

Because the indictment tracts the language of the statute and sets forth that the money was proceeds of criminal activity, more specifically delivery of a controlled substance, we hold the indictment reasonably informed Powell of the charges against him sufficient to allow his counsel to prepare a defense. Additionally, both Investigator Conklin and Investigator Chapman articulated specific facts to substantiate that the money hidden in Powell's vehicle was stored in and around a controlled substance. We therefore conclude the evidence was legally sufficient to prove the underlying felony, i.e., delivery of a controlled substance. Finally, Officer Investigator

Conklin's testimony justified the initial stop of Powell's vehicle and the evidence elicited during his preliminary investigation further justified his suspicion of criminal activity as well as his reason for requesting consent to search the vehicle. Investigator Conklin testified Powell gave his consent to search and the trial court not only heard the testimony, but also watched the video of the events. We therefore hold the trial court did not err in denying the motion to suppress. Accordingly, we overrule Powell's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH