

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00708-CV

**IN THE MATTER OF G.L.R.** Jr., A Juvenile

From the 436th District Court, Bexar County, Texas
Trial Court No. 2014-JUV-01095
The Honorable Lisa Jarrett, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed: July 22, 2015

AFFIRMED

The trial court found G.L.R. Jr. engaged in delinquent conduct by committing the offense of theft. After a disposition hearing, the trial court placed G.L.R. Jr. on probation for a period of nine months. On appeal, G.L.R. Jr. raises a single point of error, contending the evidence is legally insufficient to support the delinquency finding. We affirm.

### BACKGROUND

The evidence shows the complainant parked his vehicle, a Ford F-250 pickup truck, outside a hotel where he was staying. The next morning, the complainant discovered his truck was missing and called police.

Later that morning, at an apartment complex, a maintenance man, Nathaniel Ortiz, saw a truck idling in the parking lot. He testified he saw two men inside the truck. Because the men

were wearing fluorescent work vests, Mr. Ortiz believed the men might be working on the property; he initially did not believe they were out of place. However, approximately thirty minutes later, he saw the same two men exiting the property. At that time, they were no longer wearing the vests; rather, one man was wearing a muscle shirt and the other was wearing a t-shirt. Mr. Ortiz informed Terry Gleason, a maintenance supervisor at the same apartment complex, about the men's actions.

Mr. Gleason testified he also saw the two men in the idling truck. He saw the men exit the vehicle and walk away. Suspicious, Mr. Gleason called Detective Richard Buchanan, a police officer Mr. Gleason had dealt with in the past. Detective Buchanan came to the complex at Mr. Gleason's request. When he arrived, the detective ran the truck's license plate number and discovered the truck had been reported stolen. The truck was the one reported stolen by the complainant. Detective Buchanan took a description of the two men from Mr. Gleason, which he recalled in court as two Hispanic males, one five-two and the other five-five, both approximately 120-125 pounds, with brown hair and brown eyes. During a search of the truck, Detective Buchanan found the stub of a "Black & Mild" cigar on the floorboard of the truck. He also found two fluorescent traffic vests, one in the back seat of the truck, the other on the ground near the truck.

While Detective Buchanan was conducting his investigation, Mr. Ortiz alerted Mr. Gleason that the two men who had been in the truck were walking along outside the gate of the complex, watching the officers. Mr. Gleason then saw the two men standing about a half a block away, still watching, and told Detective Buchanan. Mr. Gleason got in his vehicle and Detective Buchanan followed him, heading toward the two men. At that time, the men fled. Detective Buchanan pursued and arrested the two men. When he searched the men, Detective Buchanan found a two-pack of "Black & Mild" cigars with one of the cigars missing. According to the detective, officers

brought Mr. Ortiz to where the two men were being detained and he was able to positively identify them as the men who had been sitting in the idling truck.

Mr. Gleason affirmatively identified the fleeing men as those he saw sitting in the truck that morning. Mr. Gleason stated in court that the suspects were wearing a white t-shirt and a white muscle shirt, and they were both wearing khaki bottoms — one man was wearing pants, the other man, shorts.

In court, neither Mr. Gleason nor Mr. Ortiz could positively identify G.L.R. Jr. as the same man who had been sitting in the truck the day of the theft. However, they both positively stated that one of the persons who was arrested that day was one of the men they saw sitting in the truck. Detective Buchanan identified G.L.R. Jr. as the person he arrested for theft and as the person identified at the time by Mr. Gleason and Mr. Ortiz as one of the men who had been sitting in the truck the day of the theft.

Ultimately, the trial judge found G.L.R. Jr. engaged in delinquent conduct by committing theft. After disposition, G.L.R., Jr. perfected this appeal.

### ANALYSIS

As noted above, G.L.R. Jr. raises one point of error, challenging the sufficiency of the evidence. Specifically, he contends the evidence was insufficient to establish he was the perpetrator of the offense. In other words, G.L.R. Jr. claims the evidence is insufficient to prove identity.

### *Standard of Review*

In appeals from juvenile adjudication proceedings, we review a challenge to the sufficiency of the evidence under the standard of review applicable in criminal cases. *In re K.T.*, 107 S.W.3d 65, 71 (Tex. App.—San Antonio 2003, no pet.); *In re T.K.E.*, 5 S.W.3d 782, 784-85 (Tex. App.—San Antonio 1999, no pet.). In criminal cases, we review a legal sufficiency challenge under the

standard announced by the Supreme Court in *Jackson v. Virginia*. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Mayberry v. State*, 351 S.W.3d 507, 509 (Tex. App.—San Antonio 2011, pet. ref'd). Under this standard, we view the evidence in a light most favorable to the verdict and determine if any rational trier of fact, in this case, the trial judge, could have found the essential elements of the crime beyond a reasonable doubt. *See Orellana v. State*, 381 S.W.3d, 645, 652 (Tex. App.—San Antonio 2012, pet. ref'd) (quoting *Mayberry*, 351 S.W.3d at 509); *see also Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. We must resolve any inconsistencies in favor of the verdict. *Gonzales v. State*, 330 S.W.3d 691, 694 (Tex. App.—San Antonio 2010, no pet.) (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

Findings following a bench trial are given the same deference as a jury verdict and are reviewed under the same standard. *In re K.T.*, 107 S.W.3d at 71 (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)). When reviewing the sufficiency of the evidence, we must defer to the trial court's weighing of the evidence, resolution of conflicts in the testimony, and assessment of credibility. *Brooks*, 323 S.W.3d at 899; *Orellana*, 381 S.W.3d at 653 (citing *Jackson*, 443 U.S. at 319). We cannot reweigh the evidence or substitute our judgment for that of the fact finder. *Orellana*, 381 S.W.3d at 653 (citing *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)). The fact finder is the exclusive judge of the credibility of witnesses and the weight to be given to their testimony and may accept or reject all or any portion of a witness's testimony. *Orellana*, 381 S.W.3d at 653 (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). The fact finder maintains the power to draw reasonable inferences from the basic facts to ultimate facts and resolve any conflicts in the evidence. *Orellana*, 381 S.W.3d at 653 (citing *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995); *Welch v. State*, 993 S.W.2d 690, 693 (Tex. App.—San Antonio 1999, no pet.)). We must determine whether the necessary

inferences are reasonable based on all of the evidence, whether direct or circumstantial, when viewed in the light most favorable to the verdict. *Mayberry*, 351 S.W.3d at 509 (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)); *see Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (holding standard of review is same for both direct and circumstantial evidence).

### *Application*

To establish G.L.R. Jr. committed the offense of theft as alleged in the petition, the State had to prove beyond a reasonable doubt G.L.R. Jr. appropriated the truck without the owner's effective consent with the intent to deprive the owner of the truck. *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1) (West 2011).[1] As we have noted, G.L.R. Jr. contends the State failed to prove he was the one who took the truck, i.e., the State failed to prove identity. He specifically points out that neither eyewitness — Mr. Ortiz or Mr. Gleason — was able to identify him in court as the person they saw in and around the truck on the day of the theft. However, the identity of an alleged perpetrator may be proven by circumstantial evidence, and may, in fact, be proven by inferences; direct evidence is not required. *See Orellana*, 381 S.W.3d at 653; *In re C.D.S.*, No. 10-07-00226-CV, 2008 WL 257238, at \*3 (Tex. App.—Waco Jan. 30, 2008, no pet.) (mem. op.). Proof by circumstantial evidence is not subject to a more rigorous standard of proof, and circumstantial evidence alone may be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

As detailed above, the evidence established two witnesses — Mr. Ortiz and Mr. Gleason — saw G.L.R. Jr. in the vehicle soon after it was stolen. Although neither witness was able to identify G.L.R. Jr. in court, Detective Buchanan specifically testified Mr. Gleason told him on the

---

[1] It is undisputed the value of the truck was more than $1,500.00, but less than $20,000. Accordingly, the offense charged by the State is a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(a).

day of the theft that earlier that day, he had seen two men sitting in the truck, but they had left the property. Mr. Gleason also informed the detective the men were nearby and watching while officers processed the truck; he pointed them out to the detective. When the detective caught up to the men, G.L.R. Jr. was one of the men who had been pointed out by Mr. Gleason. Moreover, after he apprehended G.L.R. Jr. and his companion, Detective Buchanan testified Mr. Ortiz was able to identify G.L.R. Jr. at the scene as one of the men he had seen that morning in the stolen truck. In court, Detective Buchanan identified G.L.R. Jr. as one of the men he apprehended and arrested. Additionally, G.L.R. Jr. matched the general description provided by Mr. Gleason — Hispanic male, between 5'2" and 5"5", approximately 120-125 pounds, with brown hair and brown eyes. Mr. Ortiz's description in court included a recollection that the men were wearing fluorescent vests, and two such vests were found in or near the truck.

In addition, the evidence establishes G.L.R. Jr. fled when he noticed Mr. Gleason and the detective looking at him and his companion. *See Devoe v. State*, 354 S.W.3d 457, 470 (Tex. Crim. App. 2011) (quoting *Alba v. State*, 905 S.W.2d 581, 586 (Tex. Crim. App. 1995) (holding that flight is admissible as circumstance from which inference of guilt may be drawn)); *Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) (holding that fact finder may draw inference of guilt from circumstance of flight). Finally, Detective Buchanan found the stub of a "Black & Mild" cigar in the stolen truck. When the detective apprehended G.L.R. Jr. and his companion, a two-pack of "Black & Mild" cigars was found on G.L.R. Jr.'s companion; the pack was missing a single cigar.

Based on the evidence — viewed in the light most favorable to the verdict — we hold the evidence is legally sufficient to support the trial court's finding that G.L.R. Jr. committed the offense of theft. *See Mayberry*, 351 S.W.3d at 509. It was for the trial court, as fact finder, to judge the credibility of witnesses and the weight to be given to their testimony, to draw reasonable

inferences from the testimony, and to resolve any evidentiary conflicts. *See Orellana*, 381 S.W.3d at 653. Given the testimony, we hold the trial court had sufficient evidence to find G.L.R. Jr. committed theft, i.e., stole the truck. Accordingly, we overrule G.L.R. Jr.'s sole point of error.

## CONCLUSION

Based on our analysis of the evidence within the prism of the applicable standard of review, we hold the evidence was sufficient to support the trial court's finding of delinquency based on the offense of theft. We therefore affirm the trial court's judgment.

Marialyn Barnard, Justice