

# NUMBER 13-21-00147-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HILARIO HERNANDEZ A/K/A
HILARIO MUNOZ HERNANDEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## On appeal from the 103rd District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Peña
### Memorandum Opinion by Justice Tijerina

A jury found appellant Hilario Hernandez a/k/a Hilario Munoz Hernandez guilty of

the felony offense of driving while intoxicated (DWI) and sentenced him to twenty years'

imprisonment.[1] *See* TEX. PENAL CODE ANN. § 49.04, .09. By six issues, Hernandez asserts: (1) the State failed to prove he was operating the vehicle; (2) the trial court relied on the wrong burden of proof on the issue of whether he was operating a vehicle; (3) the trial court erred by admitting hearsay evidence; (4) the trial court erred by admitting his statements in violation of *Miranda*; (5) the State made improper arguments; and (6) the trial court violated his right to due process through cumulative error. We affirm.

## I. BACKGROUND

Hernandez was charged by indictment with felony DWI. *See id.* On April 27, 2021, the trial court held a jury trial.

Sheriff Deputy Omar Lara with the Cameron County Sheriff's Office testified that on June 9, 2019, he was dispatched to Harlingen in response to a vehicle accident. Upon his arrival, he observed two individuals attempting to hold Hernandez down on the roadway. Deputy Lara stated that Hernandez appeared intoxicated, and he received information that Hernandez was involved in a hit-and-run accident. Deputy Lara clarified that he could not conduct a DWI investigation because the sheriff's office was not conducting DWI investigations at that time, and they had to turn those cases over to other agencies. Thus, Deputy Lara detained Hernandez pending the arrival of Texas Department of Public Safety (DPS).

DPS Trooper Jose Gonzalez arrived at the scene to investigate. Trooper Gonzalez observed that "half" of a red truck "was off of the roadway" while Hernandez's grey truck

---

[1] Hernandez pleaded true to enhancement allegations concerning prior convictions for DWI, so the offense was enhanced to a felony offense. *See* TEX. PENAL CODE ANN. § 49.09(b).

was stalled in the middle of the roadway facing the red truck. Trooper Gonzalez stated that the damage to the front of Hernandez's truck was consistent with the damage to the red truck. It appeared to Trooper Gonzalez that Hernandez was intoxicated: he had a strong odor of alcohol emanating from his person; his speech was slurred; and his tongue was heavy. He further observed Hernandez was dirty with dirt and grass all over his shirt and pants, and he had a cut and was bleeding on the left side of his face.

Trooper Gonzalez spoke with Hernandez, and Hernandez admitted he consumed "several drinks of beer." According to Trooper Gonzalez, when he asked Hernandez where he was coming from, Hernandez stated he was coming from a family barbecue in "Rangerville" and that he was headed to his house.[2] Trooper Gonzalez conducted standardized field sobriety tests (SFSTs), and arrested Hernandez for DWI. On cross-examination, Trooper Gonzalez acknowledged that Hernandez informed him, "You didn't see me driving," to which Trooper Gonzalez replied, "No, I didn't. It would have helped, but I didn't need to see you driving."

The jury convicted Hernandez and sentenced him to twenty years' imprisonment. *See id.* This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

By his first issue, Hernandez contends the evidence is insufficient to prove that he was operating the vehicle. Specifically, he challenges two statements, which he claims the State relied on: (1) that someone in the crowd scene purportedly said Hernandez was the driver; and (2) that Hernandez mispronounced "Rangerville Road" when Trooper

---

[2] Trooper Gonzalez clarified that Hernandez could not pronounce "Rangerville."

3

Gonzalez questioned where he was coming from.

## A.     Standard of Review & Applicable Law

In reviewing the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). Direct and circumstantial evidence are treated equally. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We resolve any evidentiary inconsistencies in favor of the judgment. *Id.*

We measure the sufficiency of the evidence in reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327 (quoting *Malik*, 953 S.W.2d at 240).

Under the Texas Penal Code, an individual commits the offense of DWI if he "is intoxicated while operating a motor vehicle in a public place." *See* TEX. PENAL CODE ANN.

4

§ 49.04. Hernandez does not dispute that the evidence established that he was intoxicated or that he and the vehicle were in a public place; instead, he argues that the evidence did not establish that he operated the vehicle during the relevant time period. Although the penal code does not define the word "operate," the Court of Criminal Appeals has explained that, in a sufficiency review, "a person 'operates' a vehicle when 'the totality of the circumstances [ ] demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use.'" *Kirsch v. State*, 357 S.W.3d 645, 650–51 (Tex. Crim. App. 2012) (quoting *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995)); *see Priego v. State*, 457 S.W.3d 565, 569 (Tex. App.—Texarkana 2015, pet. ref'd) (stating that term "operating" is interpreted broadly). Even though "driving does involve operation" of a motor vehicle, "operation does not necessarily involve driving." *Denton*, 911 S.W.2d at 389.

## B. Discussion

Aside from the two statements that Hernandez specifically challenges, other evidence was presented at trial indicating that Hernandez operated the vehicle. Trooper Gonzalez testified that due to the point of impact, he concluded Hernandez's vehicle had collided with the red truck that was halfway off the road. Hernandez was intoxicated, dirty, and injured. According to Trooper Gonzalez, Hernandez informed him that it was Hernandez's grey truck that was involved in the collision. Trooper Gonzalez then questioned Hernandez about the accident:

> [Trooper]:  I asked him, what was his vehicle—why did he leave his vehicle in the middle of the road. He replied somewhere along the lines of, I can't recall correctly the exact words he used, but said that they pulled him out, that they just stopped him

5

there.

[State]:      Okay. Did you ask him if he had any drinks?

[Trooper]:    I did.

[State]:      Okay. And what was his answer?

[Trooper]:    He said he did, he had dr[u]nk.

When Trooper Gonzalez asked Hernandez where he was coming from "before the crash,"

Hernandez responded that he was coming from his relative's house after "barbecuing and

drinking there." Trooper Gonzalez informed the jury:

> At this part, I was there for a crash, and it was confirmed by my training and experience that the crash did occur. I had both vehicles there. I gathered that he had a strong odor of alcohol coming from him. He showed initial signs of intoxication due to his strong odor of alcohol, his slurred speech, he had a heavy tongue when he spoke, him saying that he was coming from Rangerville Road, his demeanor, just those initial clues or signs of intoxication. Also, him stating that he had several drinks of beer . . . . [and] [h]e stated he was headed home . . . . It appeared that he was bleeding from his face, from the left side.

Although Trooper Gonzalez did not see Hernandez driving the vehicle, the jury could have

considered other portions of Trooper Gonzalez's testimony wherein Hernandez admitted

it was his truck in the middle of road, that he was traveling to his home, and that the

pedestrians pulled him out of the vehicle. *See Merritt v. State*, 368 S.W.3d 516, 525–26

(Tex. Crim. App. 2012) ("When the record supports conflicting inferences, we presume

that the jury resolved the conflicts in favor of the verdict and defer to that determination.").

Although the vehicle registration showed that the truck was registered to

Hernandez's wife, she was not found near the scene, and Hernandez did not mention

being a passenger or anyone else driving the vehicle that night. Thus, the evidence before

the jury was that: (1) Hernandez's truck was involved in a collision and blocking the middle of the roadway; (2) Hernandez was intoxicated; (3) Hernandez admitted he was "heading home"; (4) Hernandez stated "they" pulled him out of his vehicle; and (5) Hernandez was injured. Because circumstantial evidence is treated as equally as direct evidence and in light of the evidence presented during trial, as well as the reasonable inferences that the jury was free to make from that evidence, we conclude that the evidence is sufficient to establish that Hernandez operated a motor vehicle before he collided. *See Denton*, 911 S.W.2d at 389. Accordingly, we overrule Hernandez's first issue on appeal.

### III.    BURDEN OF PROOF

By his second issue, Hernandez argues that "by misunderstanding the burden of proof in this case, the trial judge submitted to the jury a case alleging proof that [Hernandez] was operating a vehicle, based on no competent evidence. For this reason, this Court should reverse and acquit [Hernandez] of DWI." Hernandez further states that "more than a mere scintilla is required to support a defense submission of a lesser included offense," and "a scintilla is adequate to order a competency trial"; however, "for the purpose of sustaining a verdict, a scintilla is not enough." However, neither situation is applicable to the facts here, and we are unable to understand this specific argument.[3] *See* TEX. R. APP. P. 38.1(i) (providing that appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Nonetheless, the trial court did not instruct the jury that in order to find that

---

[3] To the extent that Hernandez challenges the sufficiency of the evidence supporting the verdict, we have already concluded that the evidence presented at trial was legally sufficient.

7

Hernandez operated the vehicle, the jury merely needed to find only a scintilla of evidence. Conversely, the record provides that the trial court instructed the jury that it needed to find the evidence "beyond a reasonable doubt." *See* TEX. PENAL CODE ANN. § 2.01. Accordingly, we overrule his second issue.

## IV. CONFRONTATION CLAUSE

In issue number three, Hernandez argues "the trial court erred by admitting hearsay evidence putting [him] behind the wheel and saying he tried to flee" in violation of the Confrontation Clause. The State responds that the statements were not testimonial, not offered to prove the truth of the matter asserted, and not relied on to prove the elements of the offense.

## A. Applicable Law

The Confrontation Clause of the Sixth Amendment, made applicable to the states via the Fourteenth Amendment, provides a right to confront and cross-examine adverse witnesses. *See* U.S. CONST. amends. VI, XIV; *Woodall v. State*, 336 S.W.3d 634, 641 (Tex. Crim. App. 2011). The Confrontation Clause bars the admission of out-of-court testimonial statements of a witness unless (1) the witness is unavailable to testify and (2) the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). The threshold question in any Confrontation Clause analysis is whether the statements at issue are testimonial or nontestimonial in nature. *Campos v. State*, 256 S.W.3d 757, 761 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Testimonial statements are those "that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be

8

available for use at a later trial." *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013).

Even if we assume that the complained-of statements were testimonial in nature *and* that the trial court erred when it admitted them, constitutional error will result in a reversal of a conviction only if we determine beyond a reasonable doubt that the error contributed to Hernandez's conviction. *See Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *see also* TEX. R. APP. P. 44.2(a). Thus, we determine whether the alleged error adversely affected the integrity of the process that led to Hernandez's conviction. *See Langham*, 305 S.W.3d at 582.

We consider several nonexclusive factors when we determine whether the error contributed to the jury's deliberations and verdict, such as: (1) the importance of the statements to the State's case; (2) whether the statements are cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; (4) the overall strength of the State's case; (5) the source and nature of the error; (6) the extent to which the error was emphasized by the State; and (7) the weight the jury may have assigned the inadmissible statement. *Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). We consider "any and every circumstance apparent in the record that logically informs an appellate determination whether beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment." *Id.* (cleaned up). Although we do not focus on whether the jury verdict was supported by the evidence, the presence of "overwhelming evidence of guilt is a factor to be considered." *Motilla v. State*, 78 S.W.3d 352, 357 (Tex. Crim. App.

9

2002).

**B.     Harm Analysis**

The jury heard the following testimony when the State questioned why Trooper

Gonzalez detained Hernandez:

| | |
|---|---|
| [Trooper]: | He was detained due to the fact that he was intoxicated, he was involved in a physical altercation, and the fact that multiple people at the scene pointed out that he— |
| [Hernandez]: | Objection. "Multiple people"? Objection. That's hearsay, and it's a Crawford violation, and it's a confrontation-c[l]ause violation. |
| The Court: | You don't know what he's going to say about the multiple people. |
| [Hernandez]: | Oh, I know what he's going to say. Everybody knows what he's about getting ready to do, Your Honor. |
| The Court: | All right. Rephrase it. |
| [Trooper]: | Okay. He was detained due to the fact that I received information that he was the actor of a possible hit-and-run. |
| [State]: | Of what? I'm sorry. |
| [Trooper]: | Of a hit-and-run. |
| [Hernandez]: | Object— |
| The Court: | He was a possible actor, and as part of his investigation,— |
| [Hernandez]: | I'm still objecting as to being hearsay. |
| The Court: | All right. That will be overruled. Ladies and Gentlemen of the Jury, I'm going to allow it in as information he received for him to believe that he needed to investigate this further, not for the truth of the matter. |

10

He was not there, he did not witness the event. He had to gather information from the people who were there as part of his investigation. That does not go that what they're telling him is true, just that it was uttered to him; okay?

. . . .

[Trooper]: The information given to me was that they had the driver detained because he attempted to flee.

Assuming but not deciding that the trial court erred when it admitted these statements on the stated basis of background context, the allegedly erroneous admission of Trooper Gonzalez's statement does not justify a reversal of Hernandez's conviction.

Trooper Gonzalez's statement was of minimal importance to the State's case. The State adduced an abundance of evidence that linked Hernandez with the charged offense, including Hernandez's candid admission that he was intoxicated, he was heading home, and bystanders pulled him out of his truck. Trooper Gonzalez's statement was also cumulative of other unobjected-to evidence such as Hernandez's collided truck, Hernandez's injury, and the fact that there were no other witnesses present at the scene.

Moreover, Trooper Gonzalez's statement was corroborated by Deputy Lara's non-hearsay testimony that he responded to a vehicle accident and observed multiple bystanders attempting to hold Hernandez down in the middle of the roadway. Therefore, even if Trooper Gonzalez's statement was improperly admitted, Hernandez's own admissions, Trooper Gonzalez's other testimony, evidence of the collision, and Deputy Lara's testimony all independently established that Hernandez operated a motor vehicle in a public roadway while intoxicated.

Furthermore, the State did not emphasize Trooper Gonzalez's testimony during its

11

case in chief or during its opening or closing arguments. Finally, the trial court admonished and instructed the jury not to consider Trooper Gonzalez's challenged statement for the truth of the matter asserted, and it is presumed that the jury follows the instructions of the trial court regarding the consideration of evidence. *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011) ("The law generally presumes that instructions to disregard and other cautionary instructions will be duly obeyed by the jury."). Therefore, any potential harm to Hernandez would be further mitigated by the trial court's limiting instructions. *See id.*

We have thoroughly reviewed the record before us and the factors stated above, and we are satisfied beyond a reasonable doubt that the admission of Trooper Gonzalez's challenged statement neither contributed to Hernandez's conviction nor affected the integrity of the process. *See Snowden*, 353 S.W.3d at 822. Thus, there is no reasonable probability that the alleged error "moved the jury from a state of non-persuasion to one of persuasion on a particular issue" in the context of the entire trial. *Id.* As such, the trial court did not commit reversible error when it admitted this evidence. *See Motilla*, 78 S.W.3d at 357. Accordingly, we overrule Hernandez's third issue.

## V. MOTION TO SUPPRESS

By his fourth issue, Hernandez argues that the trial court erred by denying his motion to suppress and admitting his statement after he was in custody and before being advised of his *Miranda* rights. The State responds that Hernandez was detained pursuant to an investigative detention and was not under arrest, and therefore, his statements made to law enforcement prior to receiving his *Miranda* warnings were properly admitted

12

into evidence. However, we need not reach the merits of whether the trial court erred in denying Hernandez's motion to suppress because we conclude that any alleged error in violation of *Miranda* was harmless. *See* Tex. R. App. P. 44.2(a); *Murkledove v. State*, 437 S.W.3d 17, 28 (Tex. App.—Fort Worth 2014, pet. dism'd) (assuming error and holding that any assumed error was harmless).

## A. Applicable Law

We assess harm using the standard set forth in Texas Rules of Appellate Procedure 44.2(a) for constitutional errors. *See* Tex. R. App. P. 44.2(a); *Campbell v. State*, 325 S.W.3d 223, 239 (Tex. App.—Fort Worth 2010, no pet.). Under this standard, we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the trial court's alleged constitutional error did not contribute to the conviction. *See* Tex. R. App. P. 44.2(a). Constitutional error does not contribute to the conviction if the verdict "would have been the same absent the error." *Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007) (citations omitted). We "calculate, as nearly as possible, the probable impact of the error on the jury in light of the record as a whole." *Wall v. State*, 184 S.W.3d 730, 746 (Tex. Crim. App. 2006). We consider the nature of the alleged error, whether the alleged error was emphasized by the State, the probable implications of the alleged error, and the weight the jury likely would have assigned to the alleged error in the course of its deliberations. *See Snowden*, 353 S.W.3d at 822. Because the alleged error in this case relates to the alleged improper admission of evidence, we must consider whether the record contains other properly admitted evidence that supports the material fact to which the alleged inadmissible evidence was directed. *See Wall*, 184 S.W.3d at

13

746. That is, we determine whether absent the statement Hernandez made to officers at the scene, there was sufficient evidence of Hernandez's guilt, such that the jury's verdict would have been the same. *See Funes v. State*, 630 S.W.3d 175, 183 (Tex. App.—El Paso 2020, no pet.).

**B.     Discussion**

On appeal, Hernandez specifically complains that the trial court improperly admitted one statement: "I'm coming from Rangerville Road." However, even if that statement had been suppressed, the record contains other significant evidence to establish that Hernandez was guilty of the offense of DWI. *See id.*

As set forth above, Deputy Lara testified that he was dispatched to a hit-and-run accident. Upon arrival at the scene, he noticed the accident. He further observed two individuals "in a physical altercation" attempting to hold Hernandez down in the middle of the roadway—approximately one hundred feet from where the accident occurred. *See Gonzales v. State*, 330 S.W.3d 691, 695 (Tex. App.—San Antonio 2010, no pet.) ("Flight from the scene of a crime may . . . be circumstantial evidence of guilt."). Deputy Lara stated that Hernandez appeared intoxicated. As part of Deputy Lara's investigation, he gathered information from the bystanders that Hernandez was involved in the collision.

Trooper Gonzalez testified that the crashed vehicle in the middle of the roadway was registered to Hernandez's wife. There were no other witnesses present at the scene claiming to be the driver, Hernandez's wife was not present at the scene, and there was no evidence to indicate that someone else was driving his vehicle. Due to the point of impact, Trooper Gonzalez surmised that Hernandez's vehicle collided with another

14

vehicle and caused damage to the other vehicle. As previously stated, Trooper Gonzalez immediately noticed Hernandez was intoxicated—a fact Hernandez does not dispute. Trooper Gonzalez was informed that Hernandez had attempted to flee, so Hernandez was being detained by Deputy Lara. Furthermore, Deputy Lara testified that Hernandez appeared to be injured, which is some evidence that he was inside the vehicle when the accident occurred.

Hernandez admitted to Trooper Gonzalez that the truck in the middle of the roadway belonged to him. When Trooper Gonzalez questioned why Hernandez left his vehicle in the middle of the road, Hernandez responded that bystanders pulled him out of the vehicle. Moreover, Hernandez admitted to Trooper Gonzalez that he had consumed "several drinks of beer" prior to the crash. Hernandez also failed the SFSTs.

In light of this additional evidence, the probable impact on the jury of the complained-of statement was minimal. *See Snowden*, 353 S.W.3d at 822. That is, the jury could have found the evidence was sufficient to support a conviction for DWI absent Hernandez's statement that he came from Rangerville Road. *See Kirsch v. State*, 357 S.W.3d 645, 650–51 (Tex. Crim. App. 2012) (providing that a person "operates a vehicle when the totality of the circumstances . . . demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use") (internal quotations omitted); *Funes*, 630 S.W.3d at 184; *see also Campbell*, 325 S.W.3d at 238–39 (holding that the failure to suppress defendant's statement that he had been drinking was harmless where the evidence showed that the defendant had been driving recklessly, smelled of alcohol, and failed a SFSTs). Further, although the State mentioned

15

Hernandez's statement in its closing argument, the State did not emphasize it. In fact, the State attempted to cast doubt on Hernandez's statement, arguing that it was likely he was coming from a bar, rather than his relative's home on "Rangerville Road." Accordingly, we are confident beyond a reasonable doubt that Hernandez would have been convicted of the offense in absence of the complained-of statement. *See* TEX. R. APP. P. 44.2(a). We therefore conclude that any error in admitting the statement at trial was harmless beyond a reasonable doubt. *See Clay*, 240 S.W.3d at 904. We overrule his fourth issue.

## VI. JURY ARGUMENTS

By his fifth issue, Hernandez argues that the State's closing argument was improper because the State: (1) relied on hearsay; (2) shifted the burden to him and commented on his failure to testify; (3) commented on his past convictions; and (4) asked the jury to send a message to the community.

## A. Standard of Review

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion. *Rodriguez v. State*, 446 S.W.3d 520, 536 (Tex. App.—San Antonio 2014, no pet.). "Such argument does not result in reversal 'unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding.'" *Id.* (quoting *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000)). "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Id.*

**B.      Applicable Law**

The "purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the admitted evidence alone." *Fant–Caughman v. State*, 61 S.W.3d 25, 28 (Tex. App.—Amarillo 2001, pet. ref'd). Jury argument must fall within one of four general areas: "(1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement." *Id.* (citing *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)). In order to determine if the State's argument falls into one of the four permissible areas, we must consider the argument in the context where it appears and in light of the entire record. *See Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

**C.      Discussion**

**1.      Hearsay**

Hernandez complains that the State improperly argued to the jury by eliciting hearsay when it made the following argument:

> Like I told you before, no officer saw him driving. There is no video of him actually driving, but you heard from the deputy that through his investigation, he learned that the defendant was driving that truck and that he crashed into the red truck. You heard from the trooper that the trooper asked him, "Where are you coming from? Where are you going to," and the defendant answered.

The extent of Hernandez's complaint is as follows: "As described above, this use of the hearsay testimony was excluded in a Rule 104 hearing before trial and again when the testimony was offered. Despite this, the prosecutor argued it anyway." For purposes of this analysis, we will assume Hernandez made the proper objection. Here, the State

17

clarified that Trooper Gonzalez asked Hernandez where he was coming from and where he was going, and Hernandez answered. Thus, the State did not request that the jury rely on a statement, other than the one made by Hernandez. *See* TEX. R. EVID. R. 801(d)(1) (proving that hearsay is a statement, other than one made by the declarant while testifying at the trial or a hearing, offered in evidence to prove the truth of the matter asserted). Accordingly, we cannot find that that such an argument is "extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook*, 29 S.W.3d at 115.

### 2. Burden Shift

According to Hernandez, the State improperly shifted the burden of proof to Hernandez:

| | |
|---|---|
| [The State]: | Cop is asking you over and over again, "Where are you coming from? Were you the one driving? Where were you going? How much beer did you have?" All he says is, "I wasn't driving. I wasn't driving. I wasn't driving. I wasn't driving." Then who was driving? |
| [Hernandez]: | Objection. Is he putting the burden on my client, Your Honor, to present a defense? That's impermissible. |
| The Court: | That's going to be overruled. I don't hear him placing the burden on your client, merely the fact that— |
| [The State]: | And I'll clarify that, Your Honor. |
| The Court: | Okay. |
| [The State]: | To be completely fair, he doesn't have to say a single word. |

The following statements do not suggest that Hernandez has any burden of proof. The State was merely responding to Hernandez's defensive theory that he was not driving.

18

*See Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (observing that the State did not improperly shift the burden of proof to the defendant by responding to defendant's assertion that the State's evidence was lacking). In fact, the State clarified that Hernandez did not have to say a single word. *See id.* ("In this context, the challenged comments did not impermissibly shift the burden of proof to the defense, particularly given the prosecutor's repeated reminders to the jury that the defense was not required to present any evidence."). Therefore, we reject this argument.[4]

### 3. Extraneous Offenses

Hernandez complains of the following exchange:

| | |
|---|---|
| [The State]: | He's been in these situations before. He knows how to play the system. |
| [Hernandez]: | Objection, Your Honor. He cannot make comments about the prior—the prior convictions are not to talk about—that he's been in this situation before; it's just to establish that this is a felony offense. |
| [The State]: | I never said that he's guilty of this cause because he's been convicted prior. |
| [Hernandez]: | He said he'd been in this situation before. He can't— |
| The Court: | That will be over—okay. That will be overruled. |
| [Hernandez]: | He can't reference 4.04, Your Honor. |
| The Court: | Mr. Perez, he can reference the fact that he's got the two prior convictions; he just cannot say that that is evidence to show that he's guilty of this offense. |

---

[4] Hernandez further argues that the State improperly commented on Hernandez's failure to testify. However, Hernandez did not object on this basis. To cure erroneous jury argument, "the defendant must object and pursue his objection to an adverse ruling." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018). Because Hernandez did not object on this basis, he has waived his right to appeal this issue. *See id.*; TEX. R. APP. P. 33.1(a).

19

| [Hernandez]: | That's exactly what he's saying, by saying he's been in this situation before. |
| [The Court]: | No, he's merely stating that your—never mind. It doesn't matter. I'm not going to get into that discussion because then I think that makes the situation worse. But continue. |

Here, the State briefly stated that Hernandez has been in this situation before and knows how to play the criminal justice system. The State did not present evidence of Hernandez's prior convictions in its case in chief. Hernandez's two prior DWI offenses were validly mentioned in the indictment and validly introduced into evidence via his stipulation. Thus, the comment that Hernandez has been in the criminal justice system before was a legitimate subject in closing arguments. *See Hollen v. State*, 117 S.W.3d 798, 802 (Tex. Crim. App. 2003) ("Since the two prior offenses were validly mentioned in the indictment and validly introduced into evidence via the stipulation, there was likewise no error in the jury instructions, and the prior convictions were the legitimate subject of voir dire, opening statements, and closing arguments.").

### 4. Plea for Law Enforcement

Hernandez further complains that the following portion of the State's closing argument was improper: "Send a message. Send a message to that man, send a message to our community that we won't tolerate drunk drivers, that we're going to protect our streets. What you should do is send a message to law enforcement that sometimes, we can have your back."

"An argument constitutes a proper plea for law enforcement if it urges the jury to be the voice of the community." *Harris v. State*, 122 S.W.3d 871, 888 (Tex. App.—Fort

20

Worth 2003, no pet.) (holding that the State's request that the jury "represent the community" and "send a message" "falls squarely within the parameters of proper argument as a plea for law enforcement"); *see Cortez v. State*, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984). Here, the State was asking the jury to enforce the law when referring to the community. *See Harris*, 122 S.W.3d at 888; *Smith v. State*, 114 S.W.3d 66, 72 (Tex. App.—Eastland 2003, pet. ref'd) (holding that the argument to the jury to get appellant off the streets was a proper plea for law enforcement); *see also Salinas v. State*, No. 13-18-00536-CR, 2019 WL 2847450, at *3 (Tex. App.—Corpus Christi–Edinburg July 3, 2019, no pet.) (mem. op., not designated for publication) ("The State can ask the jury to send a message to the community."). The State did not pressure the jury to reach a particular verdict based on the demands, desires, or expectations of the community. *See Harris*, 122 S.W.3d at 888. Finding no improper jury argument, we overrule Hernandez's fifth issue.

## VII. CUMULATIVE ERROR

Lastly, Hernandez argues there is a cumulative prejudicial effect of all the alleged errors. A number of minor errors may be found harmful in their cumulative effect. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). However, having concluded that there are no errors related to the complained-of actions, or that such errors are harmless, and that Hernandez has not preserved certain complaints that he now raises on appeal, we cannot conclude in this case that the cumulative effect of trial court's purported errors has deprived him of his rights of due process of law and a fair trial. *See id.* (explaining unless and until multiple errors found to have been committed, there can

be no cumulative error effect because non-errors cannot in their cumulative effect create harmful error); *see also Jenkins v. State*, 493 S.W.3d 583, 613 (Tex. Crim. App. 2016) (where defendant failed to show trial court erred, "there is no error to cumulate"). We overrule his last issue.

## VIII.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of February, 2023.